IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jerome Treadwell, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. |
| Power Solutions International, Inc. & | ) |
| NOVAtime Technology, Inc., | ) |
| | ) |
| Defendants. | ) |

**NOTICE OF REMOVAL**

Defendant NOVAtime Technology, Inc. hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In this action, Plaintiff Jerome Treadwell brings claims on behalf of himself and a putative class. First, Treadwell alleges Defendants violated the Illinois Biometric Information Privacy Act "BIPA," 740 ILCS 14/1, et seq. (Ex. A, Compl. ¶¶ 82-99.) Second, Treadwell brings claims for common law negligence. (*Id*. at ¶¶ 100-113). This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), 1453(b).

**I.      Treadwell's Allegations**

Treadwell alleges Defendant Power Solutions International, Inc., where Treadwell worked since April 2018, "enrolled" him "in its NOVAtime employee database using a scan of his … fingerprint … to monitor the time worked by its hourly employees." (Ex. A, Compl. ¶ 3.) Treadwell alleges Defendants violated BIPA and are liable for common law negligence for allegedly failing (1) to get his written consent "to collect, store, disseminate or otherwise use

[his] fingerprints," (2) to inform him "in writing of the specific purpose and length of time for which [his] fingerprints were being collected, stored disseminated and used," and (3) to "provide a publicly available retention schedule and guidelines for permanently destroying … individuals' fingerprints." (Ex. A, Compl. ¶ 11.)

## II. Grounds for Removal

This Court has jurisdiction under CAFA over putative class actions in which (A) minimal diversity exists, and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of class actions under section 1446 without consent of all defendants); and 1446 (permitting removal).

Minimal diversity exists because at least one "member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Here, Treadwell alleges he is a citizen of Illinois. (Ex. A, Compl. ¶ 23.) Corporations are citizens of their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). NOVAtime is incorporated in California, and its principal place of business is Rancho Cucamonga, California. (Ex. D, Articles of Incorporation.)[1]

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Under CAFA, defendants need only show that there is a "reasonable probability that the stakes exceed" $5 million. *Brill v. Countrywide Home Loans,*

---

[1] Even if NOVAtime was a citizen of Illinois, minimal diversity would still exist because Treadwell's class definition is not limited to Illinois citizens. As a result, some "member[s] of a class of plaintiffs" are "citizens of a State different from any defendant." *See In re Safeco Ins. Co. of Am.*, 585 F.3d 326, 330 (7th Cir. 2009).

*Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). The amount in controversy "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000, the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Id*. at 764 (citation omitted).

The putative class in this case is comprised of "[a]ll individuals working for Power Solutions in the State of Illinois who had their fingerprints collected, captured, received, or otherwise obtained or disclosed by any Defendant during the applicable statutory period." (Ex. A, Compl. ¶ 72.) Treadwell alleges the "exact number of class members can easily be determined from Power Solutions' payroll records." (*Id*. at ¶ 74.) Based on the information available to it, NOVAtime believes the putative class exceeds 1,000 members. Because the complaint alleges that each member of the class is entitled to statutory damages of up to $5,000 for each violation of the statute, this class action satisfies the CAFA's amount-in-controversy requirement. (*Id*. at ¶ 99.) *See Blomberg*, 639 F.3d at 763 (holding "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence").

Finally, the procedural requirements for removal have been satisfied. The notice is timely because it was filed within 30 days of service. 28 U.S.C. § 1446(b). NOVAtime was served on November 14, 2018. (Ex. C, Proof of Service.) The deadline to file this notice is thus December 14, 2018. NOVAtime provided written notice of this notice to counsel for Treadwell, and it has filed a copy of this notice with the clerk of the Circuit Court of Cook County. 28 U.S.C. § 1446(d).

Dated: December 14, 2018 Respectfully submitted,

/s/ Martin L. Roth
Martin L. Roth
Ryan J. Moorman
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
(312) 862-2000
(312) 862-2200
martin.roth@kirkland.com
ryan.moorman@kirkland.com

*Counsel for NOVAtime Technology, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, the foregoing document was filed using the CM/ECF system and I caused the foregoing document to be electronically transmitted via electronic mail and U.S. mail to the following:

Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, Illinois 60606
Aficzko@stephanzouras.com


Dated: December 14, 2018                 Respectfully submitted,

                                             /s/ Ryan J. Moorman