# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

Marquita McDonald, individually and
on behalf of all others similarly situated,

        Plaintiff,

    v.

Symphony Bronzeville Park LLC,
Symcare Healthcare LLC, and
Symcare HMG LLC

        Defendants.

Case No. 2017-CH-11311

Calendar 2
Courtroom 2601

Judge Raymond W. Mitchell

**ORDER**

This case is before the Court on Defendant Symphony Bronzeville Park LLC's motion to dismiss Plaintiff McDonald's complaint pursuant to 735 ILCS 5/2-619(a)(9).[1]

I.

Illinois enacted the Biometric Information Privacy Act ("BIPA") in 2008. 740 ILCS 14. BIPA is an informed consent statute which requires a private entity that collects, captures, purchases, or otherwise obtains a person's biometric information to first inform the subject in writing that biometric information is being collected or stored and the specific purposes and length of term for which the information is being collected, stored, and used. The entity must also obtain a written release from the subject consenting to collection of biometric information. 740 ILCS 14/15(b). The statute also provides a private right of action, including liquidated damages, for any person aggrieved by a violation of the act against a private entity that negligently violates a provision. 740 ILCS 14/20(1).

The facts alleged in the complaint are taken as true for the purpose of ruling on a motion to dismiss. Plaintiff McDonald was employed at Defendant Symphony for three months. During the course of her employment, McDonald was required to scan her fingerprint to track her time at work. McDonald was never provided with nor signed a release consenting to storage of her biometric information. McDonald has also never been informed of the purposes or length of time for which her biometric information was being stored. McDonald claims to have experienced

---

[1] Defendant Symphony's Motion *Instanter* for Leave to File an Oversized Reply Brief is Granted.

mental anguish from being uninformed about what Symphony will do with her biometric information.

Plaintiff McDonald filed a class action complaint on behalf of herself and all other individuals similarly situated against Symphony alleging a violation of BIPA and negligence.

## II.

A section 2-619 motion to dismiss admits the legal sufficiency of the complaint. 735 ILCS 5/2-619. The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of the litigation. *Henry v. Gallagher* (In re Estate of Gallagher), 383 Ill. App. 3d 901, 903 (1st Dist. 2008). Although a section 2-619 motion to dismiss admits the legal sufficiency of a complaint, it raises defects, defenses, or some other affirmative matter appearing on the face of the complaint or established by external submissions, which defeat the plaintiff's claim. *Ball v. County of Cook,* 385 Ill. App. 3d 103, 107 (1st Dist. 2008).

## A.

Symphony argues McDonald lacks standing to bring suit. Symphony claims that the recent *Rosenbach* decision held that a violation of BIPA was only enough to establish statutory standing, but the affirmative defense of lack of common law standing requires a concrete injury beyond just a violation of the statute. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186. However, in *Rosenbach*, the Court held that when a private entity fails to adhere to the required procedures in BIPA, the affected individuals suffer a "real and significant" injury in that their right to maintain their biometric privacy is taken away. *Id.* at ¶ 34. Additionally, in *Sekura*, the appellate court concluded that a violation of BIPA constituted harm even if the information was not disclosed to a third party. *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 77. If affected individuals had to wait until additional harm had occurred beyond a violation of the Act, it would be "too late, because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply 'no recourse' for prevention." *Id.* at ¶ 59. This would be "completely antithetical to the Act's preventative and deterrent purposes." *Rosenbach*, 2019 IL at ¶ 37.

Symphony also argues that McDonald's only claim of injury is mental anguish over what could happen to her data and relies on *Maglio,* which held that risk of future harm does not constitute an injury. *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782. However, in *Duncan,* the court distinguished *Maglio* because the statute plaintiffs relied on did not expressly grant a private right of action for violations. *Duncan v. FedEx Office & Print Services,*

2019 IL App (1st) 180857, ¶ 25. Additionally, the court held in *Sekura* that mental anguish can constitute a concrete injury. *Sekura*, 2018 IL App (1st) at ¶ 78.

Symphony claims that McDonald's fear of disclosure of her biometric information would exist regardless of their compliance with the requirements in BIPA because it is merely an informed consent statute. However, *Rosenbach* held that a violation of BIPA results in the injury of lost privacy rights. *Rosenbach*, 2019 IL at ¶ 34. The loss of these rights are directly traceable and would not exist without Symphony's alleged violation of the Act.

Finally, Symphony argues that allowing plaintiffs to recover liquidated damages for minor technical violations of the Act, would expose defendants to substantial liability that would amount to punitive damages. However, the Court in *Rosenbach* stated that this liability gives these entities "the strongest possible incentive to conform to the law." *Id.* at ¶ 37. It should not be too difficult or costly for entities to comply. *Id.*

B.

Symphony also argues that if McDonald did suffer an injury, her claim is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305. The Act is the exclusive remedy for workplace injuries unless the employee can demonstrate her injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In *Schroeder*, the court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30. However, the injury that McDonald suffered was the loss of the ability to maintain her privacy rights. This is neither a psychological nor physical injury and is not compensable under the Act.

Additionally, in *Liu*, the court stated that the Act applies "inside and outside the workplace." *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace. 740 ILCS 14/10.

III.

Therefore, it is hereby ORDERED:

(1)     Defendant Symphony's motion to dismiss Plaintiff McDonald's complaint is DENIED.

(2)     Defendant has until July 18, 2019 to answer.

(3)     The ruling date set for June 21, 2019 at 10:00 a.m. is stricken.

(4)     The case is continued to August 7, 2019 at 10:00 a.m.

Judge Raymond W. Mitchell

ENTERED,

JUN 1 7 2019

Circuit Court –

Judge Raymond W. Mitchell, No. 1992

4