# Exhibit A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
# COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Mitchell Fluker,<br><br>Plaintiff,<br><br>v.<br><br>Glanbia Performance Nutrition, Inc.,<br><br>Defendant. | Case No. 17 CH 12993<br><br>Calendar 2<br>Courtroom 2601<br><br>Judge Raymond W. Mitchell |

## ORDER

This case is before the Court on Defendant Glanbia Performance Nutrition, Inc.'s motion to dismiss Plaintiff Mitchell Fluker's complaint pursuant to 735 ILCS 5/2-619.1.

### I.

The complaint alleges as follows: Plaintiff Mitchell Fluker worked for Defendant Glanbia Performance Nutrition, Inc. from July 2016 to July 2017. Defendant utilized a time clock system that required employees to provide their fingerprint. Defendant required Plaintiff to scan his fingerprint. Glanbia did not inform Plaintiff in writing of the specific purpose and length of time for which Plaintiff's fingerprint was being collected, stored, and used.

Plaintiff brings a putative class action alleging violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 (count I) and negligence (count II). Defendant now moves to dismiss for lack of standing and for failure to state a claim.

### II.

A motion to dismiss pursuant to 735 ILCS 5/2-615 challenges the legal sufficiency of a complaint based upon defects apparent on its face. *Beacham v. Walker*, 231 Ill. 2d 51, 57 (2008). The critical inquiry is whether the well-pleaded facts of the complaint, taken as true and construed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. *Loman v. Freeman*, 229 Ill. 2d 104, 109 (2008). The complaint need only set forth the ultimate facts to be proved—not the evidentiary facts tending to prove such ultimate facts. *City of Chicago v. Beretta U.S.A. Corp.*, 213 Ill. 2d 351, 369 (2004). In ruling on a section 2-615 motion, exhibits attached to the complaint are included as

part of the complaint and control over inconsistent factual allegations therein. *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 325 Ill. App. 3d 1139, 1147 (1st Dist. 2001).

A motion to dismiss pursuant to 735 ILCS 5/2-619 admits the legal sufficiency of the complaint, but raises defects, defenses, or some other affirmative matter that defeats the plaintiff's claim. *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (1st Dist. 2008). The phrase "affirmative matter" encompasses any defense other than a negation of the essential allegations of the plaintiff's cause of action. *Piser v. State Farm Mutual Auto. Ins. Co.*, 405 Ill. App. 3d 341, 344 (1st Dist. 2010).

Illinois enacted the Biometric Information Privacy ACT ("BIPA") in 2008. 740 ILCS 14. BIPA is an informed consent statute that requires a private entity that collects, capture, purchases, or otherwise obtains a person's biometric information to first inform the subject in writing that biometric information is being collected or stored and the specific purposes and length of term for which the information is being collected, stored, and used. The entity must also obtain a written release from the subject consenting to collection of biometric information. 740 ILCS 14/15(b). The statute also provides a private right of action, including liquidated damages, for any person aggrieved by a violation of the Act against a private entity that negligently violates a provision. 740 ILCS 14/20(1).

A.

Defendant Glanbia Performance Nutrition, Inc. argues that Plaintiff Mitchell Fluker lacks standing. In *Rosenbach*, the Illinois Supreme Court held that when a private entity fails to adhere to the required procedures in BIPA, the affected individuals suffer a "real and significant" injury in that their right to maintain their biometric privacy is taken away. *Rosenbach v. Six Flags Entertainment Corp.*, 2019 IL 123186, ¶ 34. Additionally, in *Sekura*, the appellate court concluded that a violation of BIPA constituted harm even if the information was not disclosed to a third party. *Sekura v. Krishna Schaumburg Tan, Inc.*, 2018 IL App (1st) 180175, ¶ 77. If affected individuals had to wait until additional harm had occurred beyond a violation of the Act, it would be "too late, because, as the drafters found, once a person's biometric identifiers have been compromised, there is simply 'no recourse' for prevention." *Id.* at ¶ 59. This would be "completely antithetical to the Act's preventative and deterrent purposes." *Rosenbach*, 2019 IL at ¶ 37.

Defendant relies on *Maglio*, but *Maglio* is readily distinguishable. *Maglio v. Advocate Health & Hospitals Corp.*, 2015 IL App (2d) 140782. *Maglio* involved statutory claims that required actual damages, and the court determined that the plaintiffs had not yet suffered actual damages and therefore lacked standing. *Id.* In contrast, BIPA provides damages for a violation of the Act alone. *See Duncan v. FedEx Office & Print Servs.*, 2019 IL App (1st) 180857 (noting that the claims in

2

*Maglio* involved statutes that did not provide a private cause of action for a mere statutory violation). Here, BIPA provides a private right of action and damages for the violation of the Act alone—Plaintiff need not allege a separate injury.

Defendant also argues that Plaintiff's claim is preempted by the Illinois Workers' Compensation Act. 820 ILCS 305. The Act is the exclusive remedy for workplace injuries unless the employee can demonstrate that the alleged injury (1) was not accidental, (2) did not arise from employment, (3) was not received during the course of employment, or (4) is not compensable under the Act. *Meerbrey v. Marshall Field & Co.*, 139 Ill. 2d 455, 463 (1990). In *Schroeder*, the appellate court held that psychological injuries caused by a physical trauma or injury are compensable under the Act. *Schroeder v. RGIS, Inc.*, 2013 IL App (1st) 122483, ¶ 30. However, the injury that Plaintiff allegedly suffered was the loss of the ability to maintain his privacy right. This is neither a psychological nor physical injury and is not compensable under the Act.

Additionally, in *Liu*, the appellate court stated that the Act applies "inside and outside the workplace." *Liu v. Four Seasons Hotel, Ltd.*, 2019 IL App (1st) 182645, ¶ 30. BIPA specifically defines written release in the employment context showing the drafters intended for BIPA to apply to violations by employers in the workplace. 740 ILCS 14/10.

B.

Defendant argues that Plaintiff's claim for liquidated damages under BIPA should be stricken because Plaintiff has not pleaded negligence nor actual damages. BIPA provides that "[a] prevailing party may recover for each violation . . . against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater." 740 ILCS 14/20(1). The complaint alleges that Defendant "failed to take note of the retail industry's trend recognizing the dangers in storing biometric identifiers and the passage of Illinois law governing the collection and use of biometric data." Compl. ¶ 21. Accepted as true and construed in a light most favorable to the Plaintiff, the complaint alleges a negligent violation of the Act.

Finally, Defendant argues that count II (negligence) should be dismissed because Plaintiff fails to plead a common law duty and does not allege proximate causation or actual damages. Plaintiff did not respond to Defendant's argument. No common law duty required Defendant to inform Plaintiff about the collection and storage of biometric data. Absent a duty, there is no negligence. *See Cooney v. Chicago Public Schools*, 407 Ill. App. 3d 358, 363 (1st Dist. 2010) (no common law duty to safeguard information).

III.

Therefore, it is hereby ORDERED:

(1) Defendant Glanbia Performance Nutrition, Inc.'s motion to dismiss Plaintiff Mitchell Fluker's complaint pursuant to 735 ILCS 5/2-619.1 is GRANTED in part and DENIED in part. Count I stands. Count II (negligence) is dismissed with prejudice.

(2) Defendant has until August 2, 2019, to answer.

(3) The ruling date set for July 12, 2019, is stricken.

(4) This case is set for a case management conference on August 7, 2019, at 10:00 a.m.

ENTERED,

Judge Raymond W. Mitchell

JUL 11 2019

Judge Raymond W. Mitchell, No. 1992
Circuit Court – 1992

4