# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| THOMAS ROBERTSON,<br>individually, and on behalf of all<br>others similarly situated,<br>　　　　　　Plaintiff,<br>　v.<br>HOSTMARK HOSPITALITY<br>GROUP, INC., et al,<br>　　　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>) Case No. 18-CH-5194<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Defendants Hostmark Hospitality Group, Inc. and Raintree Enterprises Mart Plaza, Inc. have filed a motion to dismiss Plaintiff, Thomas Robertson's complaint pursuant to 735 ILCS 5/2-619.1.

### I. Background

The Biometric Information Privacy Act ("BIPA") requires private entities in possession of biometric information to develop a publicly available written policy establishing a retention schedule and guidelines for permanently destroying biometric information. 740 ILCS 14/15(a). BIPA also requires a private entity to obtain written consent from the individual before it can collect the individual's biometric information. 740 ILCS 14/15(b). Significantly, BIPA prevents a private entity from disseminating an individual's biometric information unless it has received the individual's consent. 740 ILCS 14/15(d).

Section 14/20 of BIPA grants any person aggrieved by a violation of BIPA a right of action. 740 ILCS 14/20. A prevailing party may recover actual damages or a statutory penalty whichever is greater for each violation. 740 ILCS 14/20 (1) and (2).

### A. Plaintiff Thomas Robertson

Plaintiff Thomas Robertson ("Robertson") filed a Class Action Complaint (the "Complaint"). Robertson alleges that he worked as a food and beverage manager for Defendants Hostmark Hospitality Group, Inc. ("Hostmark") and Raintree Enterprises Mart Plaza, Inc. ("Raintree") (collectively "Defendants") from 2010 to January 2016. (Compl. at ¶41). Robertson alleges that beginning in 2010, as a condition of his employment, he was required to scan his fingerprint so Defendants could authenticate and track his time. (Id. at ¶42). Robertson alleges that Defendants stored his fingerprint data in their employee database. (Id. at ¶43).

Robertson alleges that Defendants violated BIPA because: (1) he was never informed of the specific limited purposes or length of time for which Defendants collected, stored, and disseminated his biometric information; (2) he was never informed of any biometric data retention and deletion policy; (3) he never signed a written release allowing Defendants to

1

collect, store, use, or disseminate his biometric data; and (4) upon information and belief, Defendants have disclosed his fingerprint data to at least one out-of-state third-party vender. (Compl. at ¶¶33, 45-47, 71, 76-77, 81, 86-88, 92, 97-98).

## II. Motion to Dismiss

Defendants are seeking to dismiss the Complaint pursuant to 735 ILCS 5/2-619.1. Section 2-619.1 allows a party to bring a combined motion to dismiss under Sections 2-615 and 2-619. 735 ILCS 5/2-619.1.

"A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. Yoon Ja Kim v. Jh Song, 2016 IL App (1st) 150614-B, ¶41. "Such a motion does not raise affirmative factual defenses but alleges only defects on the face of the complaint." Id. "All well-pleaded facts and all reasonable inferences from those facts are taken as true. Where unsupported by allegations of fact, legal and factual conclusions may be disregarded." Kagan v. Waldheim Cemetery Co., 2016 IL App (1st) 131274, ¶29. "In determining whether the allegations of the complaint are sufficient to state a cause of action, the court views the allegations of the complaint in the light most favorable to the plaintiff. Unless it is clearly apparent that the plaintiff could prove no set of facts that would entitle him to relief, a complaint should not be dismissed." Id.

A section 2-619 motion to dismiss "admits the legal sufficiency of the complaint and affirms all well-pled facts and their reasonable inferences, but raises defects or other matters either internal or external from the complaint that would defeat the cause of action." Cohen v. Compact Powers Sys., LLC, 382 Ill. App. 3d 104, 107 (1st Dist. 2008). A dismissal under §2-619 permits "the disposal of issues of law or easily proved facts early in the litigation process." Id. Section 2-619(a)(5) authorizes dismissal where "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5).

### A. Section 2-619

Defendants argue that the Complaint should be dismissed pursuant to section 2-619 because (1) his claim is preempted by the Illinois Workers' Compensation Act (the "IWCA"); and (2) his claims are time barred by any applicable statute of limitations.

#### 1. Preemption

Defendants argue that the IWCA preempts Robertson's claims because his injury falls into the types of injuries covered by the IWCA. (Memo at 11). The court disagrees.

Section 305/5(a) of the IWCA (the "exclusivity provision") provides:

> [. . .] no common law or statutory right to recover damages from the employer [...] for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act [. . .].

820 ILCS 305/5(a).

2

In order to avoid the exclusivity provision an employee must establish "that the injury (1) was not accidental; (2) did not arise from his employment; (3) was not received during the course of employment; or (4) was not compensable under the [IWCA]." Folta v. Ferro Engineering, 2015 IL 118070, ¶ 14.

The Illinois Supreme Court has held that "whether an injury is compensable is related to whether the type of injury categorically fits within the purview of the Act." Folta, 2015 IL 118070, ¶ 23.

Robertson's alleged injury is not compensable under the IWCA because it is not a type of injury which categorically fits within the purview of the IWCA.

"The purpose of the [IWCA] is to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do." Mytnik v. Illinois Workers' Compensation Comm'n, 2016 IL App (1st) 152116WC, ¶ 36. Defendants offer no explanation as to how Robertson's statutory right to maintain his privacy in his biometric data is a risk or hazard peculiar to his employment as a food and beverage manager.

Further, the court finds persuasive Judge Raymond W. Mitchell's well-considered opinion in McDonald v. Symphony Bronzeville Park, LLC, et al., No. 2017-CH-11311 (Cir. Ct. Cook Cty. June 17, 2019). In McDonald, Judge Mitchell held that the plaintiff's loss of her ability to maintain her privacy rights under BIPA was neither a psychological nor a physical injury and thus was not compensable under the IWCA.

Therefore, the court finds that the IWCA does not preempt Robertson's claim.

## 2. Statute of Limitations

Section 14/20 of BIPA does not include a statute of limitations. Defendants have identified three different statutes of limitation which they think are applicable. The court will address each in turn.

Initially, Defendants have argued that public policy favors the application of the shortest possible statute of limitations.

The Illinois Supreme Court has held that "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action." Travelers Casualty & Surety Co. v. Bowman, 229 Ill. 2d 461, 466 (2008) (quoting Armstrong v. Guigler, 174 Ill. 2d 281, 286 (1996)). "[I]t is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply." Travelers, 229 Ill. 2d at 466. "To determine the true character of a plaintiff's cause of action, [Armstrong] emphasized that '[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought.' " Travelers, 229 Ill. 2d at 467 (quoting Armstrong, 174 Ill. 2d at 291).

Defendants have cited no case law which indicates that a court may apply any statute of limitations on a public policy basis. The court rejects Defendants' argument.

3

### a. 1-Year (Privacy Actions)

Section 13-201 provides that "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201.

Defendants argue that because Robertson is alleging a violation of his right to privacy in his biometric data, Section 13-201 applies. Robertson argues that Section 13-201 applies only to privacy claims involving a publication element. The court agrees with Robertson.

Section 14/20 of BIPA grants any person aggrieved by a violation of BIPA (a statute) a right of action. 740 ILCS 14/20. The fact that Robertson alleges his privacy rights were violated does not change the fact that the true nature of any potential liability stems from alleged violations of the BIPA statute. The Travelers' court makes clear that regardless of Robertson's allegation that his privacy rights were violated; we are dealing with an action for a violation of the BIPA statute and not an action for slander, libel, or for the publication of matter violating the right to privacy. Travelers, 229 Ill. 2d at 466; 735 ILCS 5/13-201.

Even assuming that Section 14/20 of BIPA created an action for violating a right of privacy in one's biometric data, the plain and unambiguous language of Section 13-201 is clear that it applies to actions *for publication* of matter violating the right of privacy. 735 ILCS 5/13-201. Nothing in the plain and unambiguous language of Section 14/20 indicates that publication is a necessary element for a person to be aggrieved by a violation of the BIPA statute. 740 ILCS 14/20.

While Defendants point out that Robertson has alleged that his biometric data has been disseminated (published) to at least one out-of-state third-party vendor and disclosed (published) to other, currently unknown, third-parties in violation of Section 15/15(d) of BIPA, Defendants have not cited any legal authority to justify the application of Section 13-201 to the alleged violations of the other sections of BIPA. (Compl. at ¶33); 740 ILCS 14/15(d); 735 ILCS 5/13-201.

Therefore, the court finds that Section 13-201 does not apply to Robertson's claims.

### b. 2-Year (Penal Statues)

Section 13-202 provides that "Actions for [. . .] a statutory penalty [. . .] shall be commenced within 2 years next after the cause of action accrued [. . .]. 735 ILCS 5/13-202.

Defendants argue that because Section 14/20 of BIPA is penal in nature Section 13-202 applies. Robertson argues that because Section 14/20 of BIPA is remedial in nature Section 13-202 does not apply. The court agrees with Robertson.

A statutory penalty is penal in nature if it "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." Landis v. Marc Realty, L.L.C., 235 Ill. 2d 1, 13 (2009) (citing McDonald's Corp. v. Levine, 108 Ill. App. 3d 732, 738 (1982)).

Here, it is clear that Section 14/20 does not impose damages without regard to the actual damages suffered by a plaintiff because it allows a plaintiff to recover the greater of his actual damages or the applicable liquidated damages amount. 740 ILCS 14/20. The fact that a plaintiff

4

may be awarded or seeks only liquidated damages does not mean Section 14/20 is penal in nature.

The Illinois Supreme Court's decision in Standard Mutual Insurance Co. v. Lay, 2013 IL 114617 instructive. In Standard Mutual, the Supreme Court held that the statutory penalty of the Telephone Consumer Protection Act (the "TCPA") was remedial and not penal. Standard Mutual, 2013 IL 114617, ¶ 33. The TCPA allows a person to bring an action to recover their actual monetary loss or $500 for each violation, whichever was greater. Id. at ¶29. In reaching its holding the Supreme Court noted that the TCPA was "clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." Id. at ¶ 31 (quoting Scott v. Association for Childbirth at Home, International, 88 Ill. 2d 279, 288 (1981)). "Whether we view the $500 statutory award as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both, the $500 fixed amount clearly serves more than purely punitive or deterrent goals." Id. at ¶ 32.

Like the TCPA, Section 14/20 of BIPA allows a plaintiff to recover either their actual damages or a liquidated amount. Standard Mutual, 2013 IL 114617, ¶ 29; 740 ILCS 14/20. Also like the TCPA, BIPA is clearly "within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good or cure public evils." Standard Mutual, 2013 IL 114617, ¶ 31.

As the Illinois Supreme Court pointed out in Rosenbach v. Six Flags Entertainment Corp., 2019 IL 123186, ¶ 37, by allowing private entities to face liability for violating BIPA, without requiring an individual to show more than a violation of their statutory rights, "those entities have the strongest possible incentive to conform to the law and prevent problems before they occur and cannot be undone." Whether this court views Section 14/20's liquidated damages provisions "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both, the [liquidated damages] amount clearly serves more than purely punitive or deterrent goals." Standard Mutual, 2013 IL 114617, ¶ 32.

Therefore, the court finds that Section 13-202 does not apply to Robertson's claims.

### c. 5-Year (Catchall 5-Year)

Section 13-205 provides "[. . .] all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205.

Because, Section 14/20 does not contain a limiting provision and neither Section 13-201 nor Section 13-202 applies, the court finds that Section 13-205 provides the applicable statute of limitation for Section 14/20.

### 3. Whether Robertson's Claims are barred by the 5-Year Statute of Limitations

Robertson filed his complaint on April 1, 2019. Defendants argue that Robertson's claims are barred under Section 13-205 because management position employees, like Robertson, are not hourly employees and have not used timekeeping devices since January 16, 2013. (Memo Ex. 2, ¶ 6). Robertson argues his claims are not barred by Section 13-205 because he continued

5

to use the fingerprint scanning method of authentication periodically through 2014. (Response Ex. 1, ¶ 7). The parties have supported their arguments with affidavits.

In deciding the merits of a Section 2-619 motion, "a trial court cannot determine disputed factual issues solely upon affidavits and counter-affidavits." Vaughn v. Blue Cross Blue Shield of Illinois, 403 Ill. App. 3d 830, 836 (1st Dist. 2010). Because the parties have presented conflicting affidavits, the court cannot resolve this disputed factual issue on a Section 2-619 motion and denies Defendants' motion without prejudice. 735 ILCS 5/2-619(c).

### B. Section 2-615

Defendants argue that Robertson's complaint must be dismissed because he has failed to identify who his employer was, in violation of the Illinois fact pleading requirements. The court disagrees.

Illinois is a fact pleading jurisdiction. Simpkins v. CSX Transportation, Inc., 2012 IL 110662, ¶ 26. Fact pleading does not require a plaintiff to set forth evidence but does require a "plaintiff allege facts sufficient to bring a claim within a legally recognized cause of action." Simpkins, 2012 IL 110662, ¶ 26. "A plaintiff may not rely on conclusions of law or fact unsupported by specific factual allegations." Id.

Here, Robertson's complaint does allege the ultimate facts which if proven would bring his claim within the legally recognized cause of action for a violation of the BIPA statute. While Defendants are correct that throughout Robertson's complaint he generally refers to both Defendants, Defendants have cited[1] no persuasive or binding case law which indicates this practice violates Illinois fact pleading requirements. Robertson's complaint it is clear that he is alleging that both defendants employed him and engaged in conduct violating BIPA. (Compl. at ¶¶33, 41-47, 71, 76-77, 81, 86-88, 92, 97-98).

### III. Conclusion

Defendants' motion to dismiss pursuant to 735 ILCS 5/2-619 is denied without prejudice.

Defendants' motion to dismiss pursuant to 735 ILCS 5/2-615 is denied without prejudice.

The status date of August 2, 2019 is stricken. Status is set for August 22, 2019

Entered: 

**ENTERED**
Judge Neil H. Cohen-2021
**JUL 31 2019**
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

___

[1] The court notes that Defendants have cited Carter v. Dolan, No. 08 C 7464, 2009 U.S. Dist. LEXIS 53735, a non-binding opinion from the Northern District of Illinois, and Elder v. Cook Count Department of Corrections., 2016 IL App (1st) 153428-U, an unpublished opinion. Although a circuit court may look to federal court orders for guidance or persuasive authority they are not binding authority. Reichert v. Board of Fire & Police Commr's of Collinsville, 388 Ill. App. 3d 834, 845 (5th Dist. 2009). Similarly, unpublished opinions are not binding authority and may not be cited as persuasive authority. Ill. Sup. Ct., R 23(e).