IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME TREADWELL, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 18 C 8212 ) |
| v. | ) Hon. Jorge L. Alonso ) ) |
| POWER SOLUTIONS INTERNATIONAL, INC., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff Jerome Treadwell's motion to remand this action to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1447(c) [52]. Plaintiff argues that this Court lacks subject matter jurisdiction under the Class Action Fairness Act ("CAFA"). For the reasons set forth below, the motion is denied.

**BACKGROUND**

On October 30, 2018, plaintiff filed a putative class action complaint against Power Solutions International Inc. and NOVAtime Technology, Inc., alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* and common law negligence. Plaintiff is a citizen of Illinois. Power Solutions is a Delaware corporation with its principal place of business in Illinois. NOVAtime is a California corporation with its principal place of business in California.

Within 30 days of being served, defendant removed the action to this Court pursuant to 28 U.S.C §§ 1441, 1446, 1332(d), and 1453(b). On its Notice of Removal, NOVAtime stated that this Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2).

On February 25, 2019, plaintiff and NOVAtime jointly stipulated to the voluntary dismissal without prejudice as to NOVAtime only. The following day, the Court entered an order reflecting the stipulation. Power Solutions remains the sole defendant in this Case.

On April 11, 2019, plaintiff filed a first amended complaint. On May 9, 2019, Power Solutions filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6). Two weeks later, plaintiff filed a motion to remand, arguing that, because NOVAtime is no longer a party, minimal diversity no longer exists under CAFA. Alternatively, plaintiff argues that remand is required

because the home-state controversy exception to diversity jurisdiction under CAFA is met. Power Solutions opposes the motion.

### STANDARD

Generally, 28 U.S.C. § 1441 allows removal to federal court of actions over which the district courts have "original jurisdiction[.]" 28 U.S.C. §1441(a). Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. 1447(c). A district court's "first duty in every lawsuit" is to establish the existence of subject matter jurisdiction. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005); *Johnson v. Wattenberger*, 361 F.3d 991, 992 (7th Cir. 2004).

### DISCUSSION

Plaintiff argues that this action must be remanded to the Circuit Court of Cook County because this Court lacks subject matter jurisdiction under CAFA. Plaintiff says that there is no minimal jurisdiction between the remaining parties and, alternatively, the home-state controversy exception to diversity jurisdiction under CAFA requires remand.

Plaintiff says that because he is a citizen of Illinois and defendant Power Solutions has its principal place of business in Illinois and therefore is a citizen of Illinois, minimal diversity does not exist under CAFA and this action must be remanded. Defendant responds that jurisdiction was properly established at the time of removal and that any subsequent events (in this case, the stipulation between plaintiff and NOVAtime Technology) have no effect on jurisdiction. The Court agrees. "A federal court's jurisdiction under CAFA is determined at the time of removal." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 515 (7th Cir. 2011) (*citing In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 380 (7th Cir. 2010)). Section 1332(d)(2) provides that federal courts have original jurisdiction in class actions when "(1) the aggregate amount in controversy exceeds $5,000,000; (2) any member of the plaintiff class is a citizen of a state different from any defendant ('minimal diversity'); (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief; and the number of members of the plaintiff class is 100 or more." 28 U.S.C. § 1332(d)(2). Here, the parties agree that federal jurisdiction existed under CAFA at the time of removal. Accordingly, this Court retains jurisdiction over this matter. *See Cleary*, 656 F.3d at 515 (district court properly retained jurisdiction of case after a certain defendant was dismissed, and the district court did not err when it declined to remand the case to state court). While plaintiff urges this Court to exercise its discretion and remand this matter to state court, the Court declines to do so.[1]

---

[1] Plaintiff cites *Mazya v. Nw. Lake Forest Hosp., et al.*, No. 19 C 3191 (N.D. Ill. July 2, 2019), in support of remand, arguing that the cases are nearly identical. In *Mazya*, the defendants removed the suit under 28 U.S.C. §§ 1331 and 1441 on the basis that one of the named plaintiff's claims were completely preempted by § 301 of the Labor Management Relations Act ("LRA"). The second plaintiff's claims were removed on the basis of supplemental jurisdiction. After the first plaintiff's claims were dismissed, the district court declined to exercise supplemental jurisdiction over the remaining claims and remanded the action to state court pursuant to 28 U.S.C. § 1367(c)(3). Unlike *Mazya*, this case does not present the same jurisdictional challenges.

Alternatively, plaintiff argues that remand is necessary based on the home-state controversy exception to diversity jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(4)(B). "[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing that it applies." *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 680 (7th Cir. 2006). Under this exception, "a district court shall decline to exercise jurisdiction . . . [when] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." *Id*. However, as previously noted, jurisdiction under CAFA is determined at the time of removal. *See Cleary*, 656 F.3d at 515. Plaintiff's attempts to attack jurisdiction in his first amended complaint, filed after this action had already been removed to federal court, is improper. *See In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d at 380 ("The well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction."). Accordingly, plaintiff's request to remand under this exception is denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to remand is denied.

**SO ORDERED.**                                                        **ENTERED: August 5, 2019**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

Moreover, this case has been pending for more than two months, plaintiff filed an amended class action complaint after removal, and defendant's motion to dismiss is fully briefed.