# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| Joshua Mims, *individually and on behalf of all others similarly situated* ) ) ) | No. 18 CH 09806 |
| Plaintiff(s), ) ) | Calendar 13 |
| v. ) ) | Judge Anna H. Demacopoulos |
| Freedman Seating Company ) ) | |
| Defendant(s). ) | |

### ORDER

This matter comes before the Court on Defendant Freeman Seating Co.'s motion to dismiss filed under 735 ILCS 5/2-619.1. Having reviewed the motion, response, reply, and exhibits thereto, and heard argument on August 22, 2019, and thereby being fully informed in the premises, for the following reasons, Defendant's motion to dismiss is denied.

Defendant Freedman Seating brings this Motion to Dismiss under 735 ILCS 5/2-619.1 arguing that (1) under the 619(a)(9) standard, the Biometric Information Privacy Act (BIPA) is preempted under the Illinois Worker's Compensation Act (IWCA); and (2) under the 615 standard, that Mims has failed to state a cause of action for negligent violation of BIPA as he has not pleaded a tangible damage proximately caused by Freedman Seating, a textbook requirement of an action for negligence. The Court will address the 615 argument first.

A combined motion to dismiss is expressly permitted by the rules of civil procedure so long as each portion of the motion "shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005." 735 ILCS 5/2-619.1 (Lexis 2016). Each part shall also clearly show the grounds relied upon under the Section on which it is based. *Id.* A combined

2-619.1 motion is reviewed under the *de novo* standard on appeal. *Mueller v. N. Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 572 (Ill. App. 1st 1998).

A motion brought pursuant to 735 ILCS 5/2-615 of the Illinois Code of Civil Procedure challenges the legal sufficiency of the complaint. *Napleton v. Village of Hinsdale*, 229 Ill.2d 296, 305 (2008). Illinois is a fact-pleading jurisdiction. *Weiss v. Waterhouse Secs., Ins.*, 208 Ill.2d 439, 451 (2004). Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *Krueger v. Lewis,* 342 Ill. App. 3d 467, 470 (1st Dist. 2003). But conclusions of law or fact are not considered well-pleaded even if they generally inform the defendant of the nature of the claim. *Coghlan v. Beck,* 984 N.E.2D 132, ¶ 22 (Ill. App. 1st 2013). Rather, a movant must set forth a legally recognized claim and plead facts in support of each element of the claim. *Redelmann v. Claire Sprayway, Inc.*, 874 N.E.2d 230, 328-29 (Ill. App. 1st 2007).

The issue on a 2-615 motion is whether the allegations, when viewed in a light most favorable to the movant, are sufficient to state a cause of action upon which relief can be granted. *Borowiec v. Gateway 2000, Inc.*, 219 Ill.2d 376, 382 (2004).

When bringing a motion pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure, the section 2-619 portion of the motion admits, *arguendo*, that a complaint asserts a legally sufficient claim but sets forth an affirmative matter, defect, or defense that defeats the claim or avoids its legal effect. *See Coghlan*, 984 N.E.2D at ¶22-23 (comparing 2-615 and 2-619 motions). A defendant may move for dismissal of a cause of action under Section 2-619(a)(9) if "the claim asserted against the Defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (Lexis 2016).

The term "affirmative matter" as used in section 2-619(a)(9) has been defined as a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. *Bloomingdale State Banks v. Woodland Sales Co.*, 186 Ill. App. 3d 227, 233 (Ill. 2nd Dist. 1989). The affirmative matter must be apparent on the face of the complaint or supported by affidavits or other evidentiary material. *Kedzie & 103rd Currency Exch. V. Hodge,* 619 N.E.2d 732, 735 (Ill. 1993). It is a defense other than a negation of the essential allegations of the plaintiff's cause of action; something more than evidence offered to refute a well-pleaded fact in the complaint. *Zahl v. Krupa,* 365 Ill. App. 3d 653, 659 (2006). Section 2-619 is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based 'mini-trial' on whether plaintiff can support his allegations." *Reynolds,* 2013 IL App (4th) 120139, ¶42.

Freedman Seating claims that the holding in *Rosenbach v. Six Flags Entm't Corp* is not relevant here because (1) there is no basis to conclude that the Supreme Court intended the words used to describe levels of culpability and statutory damages available to plaintiffs under the BIPA to be deemed meaningless, *i.e.*, "negligently," "intentionally," and "recklessly;" (2) showing negligence should not be deemed "mere surplusage;" and (3) there is no evidence that the General Assembly intended $1,000 to be a default award when it not only cited negligence as the applicable standard of culpability but, tellingly, also included *no* such requirement for injunctive relief. *See Rosenbach v. Six Flags Entm't Corp* 2019 IL 123186. Freedman Seating emphasizes that a cause of action for negligence requires (a) duty; (b) breach; (c) *proximate cause*; and (d) *damages.* Here, Freedman Seating argues that Mims has failed to show both proximate cause and damage. Freedman Seating claims the holding of *Rosenbach* is not relevant here because this case deals with *negligence,*

whereas the holding of the Court is merely that any statutory violation is sufficient to demonstrate that a plaintiff is "aggrieved" and state a cause of action. *Rosenbach v. Six Flags Entm't Corp*, 2019 IL 123186, ¶ 33.

The question certified and decided in *Rosenbach* was "whether one qualifies as an "aggrieved" person and may seek liquidated damages and injunctive relief pursuant to [BIPA] if [they have] not alleged some actual injury or adverse effect, beyond violation of [their] rights under the statute." *Rosenbach,* ¶1. The Illinois Supreme Court then analyzed the text of BIPA, noting that section 20 of the Act provides that "[a]ny person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party." *Id.* ¶21, citing 740 ILCS 14/20 (Lexis 2016). Section 20 also provides that "[a] *prevailing party* may recover" $1,000 in liquidated damages for a negligent violation or $5,000 in liquidated damages for an intentional or reckless violation. *Id.* (emphasis supplied). The Illinois Supreme Court went on to hold that "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an 'aggrieved' person *and be entitled to seek liquidated damages* and injunctive relief pursuant to [BIPA]." *Rosenbach,* ¶40 (emphasis supplied).

The Illinois Supreme Court has explicitly found that a plaintiff does not need to plead actual damages to state a claim for a violation of BIPA that includes a request for liquidated damages, whether claiming a negligent violation or a reckless violation on the part of the employer. Mims has alleged sufficient facts to bring a cause of action for a violation of BIPA, Freedman Seating's 2-615 motion to dismiss is denied.

Freedman Seating next argues that the Illinois Workers' Compensation Act preempts BIPA because (1) Mims claims a statutory right to recover from his former employer for an injury

sustained at work and in the line of duty; (2) to the extent Mims' allegations qualify as compensable harm, his exclusive remedy is through the regime established under the IWCA; and (3) no exclusions to the IWCA apply.

The IWCA is the exclusive remedy for workplace injuries unless an employee can demonstrate their injury (1) was not accidental; (2) did not arise from employment; (3) was not received during the course of employment; or (4) is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 463 (1990). Psychological injuries caused by physical trauma or injury can be compensable under the IWCA. *Schroeder v. RGIS, Inc.,* 2013 IL App (1st) 122483, ¶30. The Illinois Supreme Court has also held that "whether an injury is compensable is related to whether the type of injury categorically fits within the purview of the [IWCA.]" *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶23. The IWCA's purpose is "to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do." *Mytnik v. Ill. Workers' Compensation Comm'n,* 2016 IL App (1st) 12116WC, ¶36.

Freedman Seating's argument is not persuasive for two main reasons, (1) Mims' alleged injury, a violation of his privacy through the mismanagement of his biometric data, is not a type of injury that fits within the purview of the IWCA; and (2) a breach of a person's privacy is a type of injury distinct from physical and psychological injuries – and thus not compensable under the IWCA. Here, the injury is the failure to request a written consent from the employee and failure to maintain the data pursuant to the standards articulated under BIPA. The injury is not the mere collection of the data; it includes how that data was handled by Mims' employer after its collection. And the Court finds it important clarify that the collection of the biometric

data was a *condition* of employment. A condition of employment can never be an injury within the line of duty of employment because it proceeds the actual term of employment.

The United States Supreme Court has found that all people have a right to privacy based upon the penumbral effects of the 1st, 3rd, 4th, 5th, 9th, and 14th Amendments of the United States Constitution. *See New York Times Co. v. Sullivan,* 376 U.S. 254 (1964) (1st and 14th Amendments); *Griswold v. Connecticut,* 381 U.S. 479 (1965) (Amendments 1, 3, 4, 5, 9, 14); *Katz v. United States,* 389 U.S. 347, 351 (1967) (4th Amendment); *Lawrence v. Texas,* 539 U.S. 558 (2003) (14th Amendment). Moreover, the United States of America is a signatory to the Universal Declaration of Human Rights, which explicitly recognizes an individual's right to privacy. Universal Declaration of Human Rights, Article 12, G.A. Res. 217 (III) A, U.N. Doc A/RES/217(III) (Dec. 10, 1948), *see Sosa v. Alvarez-Machain,* 542 U.S. 692, 734 (2004) (clarifying that this recognition does not confer obligations upon the USA under international law).

BIPA is a codification of the Illinois Legislature's intent to protect a person's biometric information. It exists to protect the privacy of a person through their ability to know where and how their biometric identifying information is being stored, specifying for how long, how it will be controlled, who will access it, and how it will be destroyed. A violation of privacy is not an injury peculiar to a person's nature of employment, and even if it were, a violation of privacy is not the type of injury covered under the IWCA, which only covers physical or psychological injuries. Defendant admitted in open court that a privacy right alone is at issue. Psychological harm and a breach of privacy are separate harms. And although there may be psychological injury as a result of a breach of privacy, that does not mean those harms are one and the same. It is similar to saying a broken arm and an infection of that broken arm are the same. One may stem

from the other, but they are still distinct injuries that are healed differently. Privacy is a right that goes to the core of human dignity; it goes beyond the physical or psychological injuries covered under the IWCA.

The allegations of Mims' complaint are not barred by other affirmative matter avoiding the legal effect of or defeating the claim, *e.g.,* BIPA is not preempted by the IWCA. Freedman Seating's motion to dismiss under 2-619(a)(9) is denied.

IT IS HEREBY ORDERED:

(1) Freedman Seating Company's motion to dismiss is denied.

(2) This matter is set for status in courtroom 2502 on September 19, 2019 at 9:30 a.m.

ENTERED:

AUG 22 2019

Judge Anna H. Demacopoulos, 2002