# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DAVID A. CHAVEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TEMPERATURE EQUIPMENT CORP.,<br><br>Defendant. | Case No. 19 CH 2538<br><br>Judge Moshe Jacobius |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint under 735 ILCS 5/2-619.1.[1] The Court has reviewed the foregoing Motion, Plaintiff's Response, and Defendant's Reply in Support. The Court has also reviewed the relevant statutory and case law.

I.  BACKGROUND

Plaintiff, David Chavez, began working for Defendant in June of 2012. (Complaint, ¶ 18.) During the course of Plaintiff's "onboarding process," Defendant required Plaintiff to place his fingers on a fingerprint scanner, at which point Defendant scanned and collected, and stored in an electronic database, digital copies of Plaintiff's fingerprints. (*Id.* at ¶ 19.) Plaintiff worked for Defendant until March of 2017. (*Id.* at ¶ 20.) Plaintiff alleges that, during his employment tenure, Plaintiff was required to place his finger on a fingerprint scanner, which scanned, collected, and stored his fingerprint each time he "clocked" in and out as part of the timekeeping system. (*Id.*)

---

[1] Also before the Court is Plaintiff's Motion to Disclose Newly Issued Case as Supplemental Authority. Plaintiff seeks to disclose as supplemental authority the July 31, 2019, Memorandum Opinion and Order issued by Judge Neil Cohen in *Robertson v. Hostmark Hospitality Grp.*, Case No. 2018-CH-5194, 2019 Ill. Cir. LEXIS 119 (Cir. Ct. Cook Cty. July 31, 2019). The Court is aware of Judge Cohen's well-considered opinion and finds it persuasive.

Defendant's fingerprint-matching technology would compare Plaintiff's scanned fingerprint against the fingerprint previously stored in Defendant's "fingerprint database," and then grant Plaintiff access to Defendant's facility in order to begin work. (*Id.*)

According to Plaintiff, Plaintiff never consented, agreed or gave permission to Defendant for the collection or storage of his biometric data. (*Id.* at ¶ 21.) Defendant never provided Plaintiff with the requisite statutory disclosures or an opportunity to prohibit or prevent the collection, storage, or use of his biometric identifiers or biometric information. (*Id.* at ¶ 23.) Defendant additionally failed to provide Plaintiff with a retention schedule and/or guidelines for permanently destroying his biometric identifiers and biometric information. (*Id.* at ¶ 25.)

Plaintiff filed his two-count Class Action Complaint on February 26, 2019. In Count I, Plaintiff alleges:

- Defendant systematically collected, used, and stored Plaintiff's and the Class members' biometric identifiers and/or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

- Upon information and belief, Defendant disclosed Plaintiff's and the Class' biometric identifiers and biometric information to at least one third-party vendor.

- Defendant failed to properly inform Plaintiff or the Class in writing that their biometric identifiers and/or biometric information were being collected, stored, or otherwise obtained, nor did Defendant inform Plaintiff or the Class members in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information was being collected, stored, and used, as required by 740 ILCS 14/15(b)(1)-(2).

- Defendant does not publicly provide a retention schedule or guidelines for permanently destroying the biometric identifiers and/or biometric information of Plaintiff or the Class members, as required by BIPA.

- Upon information and belief, Defendant lacks retention schedules and guidelines for permanently destroying Plaintiff's and the Class' biometric data and has not and will not destroy Plaintiff's or the Class' biometric data when the initial purpose for collecting or obtaining such data has been satisfied or within three years of personnel's last interactions with the company.

(Complaint, ¶¶ 38, 39, 40, 41, 42.) Plaintiff alleges each instance in which Defendant collected, stored, used, or otherwise obtained Plaintiff's and/or the Class' biometric identifiers and biometric information as described in the Complaint constitutes a separate violation of BIPA. (*Id.* at ¶ 44.)

In Count II, Plaintiff brings a claim for negligence. Plaintiff alleges that Defendant owed Plaintiff and the Class a duty of reasonable care in the collection and use of Plaintiff's and the Class' biometric data. (*Id.* at ¶ 47.) Plaintiff further alleges that Defendant owed Plaintiff and the Class "a heightened duty—under which it assumed a duty to act carefully and not put Plaintiff and the Class at undue risk of harm—because of the relationship of the parties." (*Id.* at ¶ 48.) According to Plaintiff, Defendant breached its duties by:

- Failing to implement reasonable procedural safeguards around the collection and use of Plaintiff's and the Class' biometric identifiers and biometric information.

- Failing to properly inform Plaintiff and the Class in writing of the specific purpose or length for which their fingerprint information was being collected, stored, and used.

- Failing to provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class' fingerprint data.

(*Id.* at ¶¶ 49, 50, 51, 52.) Plaintiff further claims that Defendant has not destroyed and will not destroy Plaintiff's or the Class' biometric data when the initial purpose for collecting or obtaining such data has been satisfied within three years of individuals' last interactions with the company. (*Id.* at ¶ 52.) Plaintiff alleges that these violations "have raised a material risk that Plaintiff and the Class' biometric data will be unlawfully accessed by third parties," and that "Defendant's breach of its duties proximately caused and continues to cause an invasion of Plaintiff's and the Class' privacy." (*Id.* at ¶¶ 53, 54.) Plaintiff therefore seeks a declaration that Defendant's conduct constitutes negligence.

For both counts, Plaintiff seeks to represent all "individuals who, while residing in the State of Illinois, had their fingerprints collected, captured, received, or otherwise obtained, and/or

stored" by Defendant. Defendants now move to dismiss Count I of Plaintiff's Complaint pursuant to section 2-619 because it is barred by a one-year statute of limitations for privacy claims. Defendants also move to dismiss Count II of Plaintiff's Complaint pursuant to section 2-615 because it is duplicative of Count I because it arises out of the same operative facts and seeks recovery for the same alleged wrongful conduct.

## II. LEGAL STANDARD

Section 2-615 of the Illinois Code of Civil Procedure (the "Code") allows a defendant to challenge the legal sufficiency of a complaint. *Turner v. Mem'l Med. Ctr.*, 233 Ill. 2d 494, 499 (2009). A motion to dismiss under Section 2-615 does not raise affirmative defenses; rather, it only alleges defects on the face of the complaint. *Id.* The question presented by such a motion is whether the well-pleaded facts, and all reasonable inferences that may be drawn therefrom, when taken as true and in a light most favorable to the plaintiff, sufficiently state a cause of action upon which relief can be granted. *Marshall v. Burger King Corp.*, 222 Ill. 2d 422, 429 (2006). Thus, a cause of action should not be dismissed on the pleadings unless it is clearly apparent no set of facts can be proven that would entitle the plaintiff to recover. *Id.*

However, Illinois is a fact-pleading jurisdiction. *Id.* While this does not require the plaintiff to set forth evidence in the complaint, it does demand the plaintiff allege facts sufficient to bring a claim within a legally recognized cause of action. *Id.* at 499–500. A plaintiff may not rely on mere conclusions of law or fact unsupported by specific factual allegations. *Pooh-Bah Enters. v. Cty. of Cook*, 232 Ill. 2d 463, 473 (2009).

A Section 2-619 motion affords a "'means of obtaining . . . a summary disposition of issues of law or of easily proved issues of fact.'" *Smith v. Waukegan Park Dist.*, 231 Ill. 2d 111, 120 (2008) (*quoting Kedzie & 103rd Currency Exch. v. Hodge*, 156 Ill. 2d 112, 115 (1993)). Under

4

this section, a motion to dismiss admits the legal sufficiency of the complaint, but it raises any of nine enumerated defenses which act to defeat the action. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 584 (1st Dist. 2000); *Jones v. Lazerson*, 203 Ill. App. 3d 829, 835 (5th Dist. 1990).

In ruling on a Section 2-619 motion, the court must interpret "all pleadings and supporting documents in the light most favorable to the nonmoving party." *Hubble v. Bi-State Dev. Agency*, 238 Ill. 2d 262, 267 (2010); *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 383 (2004). If the grounds for dismissal or the elements of the defense do not appear on the face of the complaint, the party seeking dismissal must file an affidavit in support of the motion. *Jordan v. Knafel*, 355 Ill. App. 3d 534, 544 (1st Dist. 2005). If facts set forth in an affidavit supporting a motion to dismiss are not contradicted by a counter-affidavit, they will be taken as true "notwithstanding contrary unsupported allegations in the Petitioner's pleadings." *Pryweller v. Cohen*, 282 Ill. App. 3d 899, 907 (1st Dist. 1996). While Section 2-619 allows for the dismissal of a complaint on the basis of issues of law or easily proved issues of fact, disputed questions of fact are reserved for trial proceedings, if necessary. *Advocate Health & Hosps. Corp. v. Bank One, N.A.*, 348 Ill. App 3d 755, 759 (1st Dist. 2004).

### III. DISCUSSION

#### A. Count I: Violations of the Biometric Information Privacy Act

In 2008, Illinois enacted the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA" or the "Act"), to help regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." *Id.* § 5(g). "Biometric identifier" includes "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." *Id.* § 10. "Biometric information" means "any information, regardless of how it is captured,

5

converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.*

Section 15 of BIPA imposes on private entities, like Defendant, obligations regarding the collection, retention, disclosure, and destruction of biometric identifiers and biometric information, including (i) obtaining consent from individuals if the company intends to collect, store, or disclose their personal biometric identifiers, (ii) inform the individuals in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used, (iii) destroying biometric identifiers in a timely manner, and (iv) securely storing biometric identifiers. *Id.* § 15. The Act provides a private right of action that permits a prevailing party to recover damages of $1,000 (or actual damages if greater) for negligent violation of the Act and $5,000 (or actual damages if greater) for intentional or reckless violations, attorneys' fees, costs, and expenses, and injunctive relief, if appropriate. *Id.* § 20.

The Act, however, does not expressly provide for a statute of limitations. Here, Defendant argues that the one-year statute of limitations for invasion of privacy claims should apply to BIPA "because it is a privacy statute that attempts to regulate the disclosure or potential disclosure of biometric information." (MTD, at 3.) Section 13-201 of the Code provides, "[a]ctions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued." 735 ILCS 5/13-201. Plaintiff argues that Section 13-201 applies only to privacy claims involving a publication element.

Statutes of limitation "discourage the presentation of stale claims and . . . encourage diligence in the bringing of actions." *Sundance Homes, Inc. v. County of Du Page*, 195 Ill. 2d 257, 265–66 (2001). They "represent society's recognition that predictability and finality are desirable, indeed indispensable, elements of the orderly administration of justice." *Id.* at 266. The Illinois

Supreme Court has held that "'[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action.'" *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008) (quoting *Armstrong v. Guigler*, 174 Ill. 2d 281, 286 (1996)). It is the nature of the plaintiff's injury rather than the nature of the facts from which the claim arises which should determine what limitations period should apply. *Travelers*, 229 Ill. 2d at 466. "To determine the true character of a plaintiff's cause of action . . . '[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought.'" *Id.* at 467 (quoting *Armstrong*, 174 Ill. 2d at 291).

Section 20 of BIPA grants any person aggrieved by a violation of BIPA a right of action. 740 ILCS 14/20. The true nature of any potential liability, then, stems from alleged violations of the BIPA statute. While Plaintiff alleges that his privacy rights were violated, this is clearly an action for a violation of the BIPA statute and not an action for slander, libel, or for the publication of matter violating the right to privacy. *Travelers*, 229 Ill. 2d at 466; 735 ILCS 5/13-201. Even assuming *arguendo* that Section 20 of BIPA created an action for violating a right of privacy in one's biometric data, the plain and unambiguous language of Section 13-201 makes it clear that it applies to actions for *publication* of matter violating the right of privacy. 735 ILCS 5/13-201. Publication is not a necessary element for a person to be aggrieved by a violation of BIPA. 740 ILCS 14/20. True, sections 15(d) and (e) require some form of disclosure or "publication" to establish a violation. But no such disclosure or "publication" is required to state a claim under sections 15(a) and (b). That BIPA protects privacy rights does not bring it within the confines of the one-year statute of limitations period that applies only when information is "published," and Defendants have not cited any legal authority to justify the application of Section 13-201 to alleged violations of these other sections of BIPA. Moreover, different statutes of limitations for different

7

sections of BIPA would lead to absurd results. Section 13-201 does not apply to Plaintiff's BIPA claim.

Although not argued for by Defendant, the Court also finds that the two-year statute of limitations set forth in Section 13-202 does not apply to BIPA claims. Section 13-202 provides that "Actions for . . . a statutory penalty . . . shall be commenced within 2 years next after the cause of action accrued . . . ." 735 ILCS 5/13-202. A statutory penalty is penal in nature if it "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the plaintiff." *Landis v. Marc Realty, LLC*, 235 Ill. 2d 1, 13 (2009) (citation omitted).

Here, it is clear that BIPA is a remedial statute, not a penal statute. Section 20 of BIPA does not impose damages without regard to the actual damages suffered by a plaintiff because it allows a plaintiff to recover the greater of his actual damages or the applicable liquidated damages amount. 740 ILCS 14/20. The fact that a plaintiff may be awarded or seeks only liquidated damages does not mean Section 20 is penal in nature.

The Court finds the Illinois Supreme Court's decision in *Standard Mutual Insurance Co. v. Lay*, 2013 IL 114617, instructive. There, the court analyzed whether the federal Telephone Consumer Protection Act ("TCPA") was remedial or penal. The TCPA allows for private lawsuits and provides fixed statutory damages: a person can bring "an action to recover for actual monetary loss from . . . a violation, or to receive $500 in damages for each such violation, whichever is greater . . . [and] [i]f the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times [that] amount . . . ." *Standard Mutual*, 2013 IL 114617, ¶ 29 (quoting 47 U.S.C. § 227(b)(3)). In holding that the

"manifest purpose of the TCPA is remedial and not penal," the court made three key observations: (1) Congress enacted the TCPA to address a societal concern—telemarketing abuses; (2) Congress intended the liquidated damages available under the TCPA to be, at least in part, an incentive for private parties to enforce the statute; and (3) by providing for treble damages separate from the $500 liquidated damages, Congress indicated that the liquidated damages served additional goals than deterrence and punishment and were not designed to be punitive damages. *Standard Mutual*, 2013 IL 114617, ¶¶ 31–33.

Like the TCPA, BIPA is clearly "within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good or cure public evils." *Standard Mutual*, 2013 IL 114617, ¶ 31. Indeed, the Illinois legislature enacted BIPA because it determined that "public welfare, security, and safety [would] be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA's procedural protections are "particularly crucial in our digital world because technology now permits the wholesale collection and storage of an individual's unique biometric identifiers – identifiers that cannot be changed if compromised or misused." *Patel v. Facebook, Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018). When a private entity disregards BIPA's procedures, "the right of the individual to maintain her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." *Id.* Thus, by allowing private entities to face liability for violating BIPA, without requiring an individual to show more than a violation of their statutory rights, "those entities have the strongest possible incentive to conform to the law and prevent problems before they occur and cannot be undone." *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 37. Whether Section 20's liquidated damages provisions are viewed "as a liquidated sum for actual harm, or as an

incentive for aggrieved parties to enforce the statute, or both, the [liquidated damages] amount clearly serves more than purely punitive or deterrent goals." *Standard Mutual*, 2013 IL 114617, ¶ 32. Section 13-202 does not apply to Plaintiff's BIPA claims.

Section 13-205 of the Code states, "[A]ll civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205. Because Section 20 does not contain a limiting provision and neither Section 13-201 nor Section 13-202 applies, the Court finds that Section 13-205 provides the applicable statute of limitations for Section 20: five years. *See, e.g., Motague v. George J. London Mem'l Hosp.*, 78 Ill. App. 3d 298, 304 (1st Dist. 1979) (recognizing the general rule that a statutory right of action is a "civil action not otherwise provided for"); *People ex rel. Powles v. Alexander Cty.*, 310 Ill. App. 3d 602, 604 (4th Dist. 1941) ("It has been held that where liability results from a statute, an action to enforce such liability is a 'civil action not otherwise provided for'").

Finally, whether Plaintiff's claims are barred by the five-year statute of limitations involves disputed factual issues that cannot be resolved at this stage of the litigation. For example, Plaintiff alleges that his biometric data was collected and stored during his onboarding process as well as each time he clocked in or out. It is Plaintiff's position that "each instance in which Defendant collected, stored, used, or otherwise obtained" Plaintiff's or the Class' biometric data as described in the complaint constitutes a separate BIPA violation. Defendant, on the other hand, contends that the alleged collection and storage of Plaintiff's biometric data, and the alleged failure to properly warn him about it, occurred when Plaintiff began working for Defendant, in June of 2012. It is also unclear from Plaintiff's Complaint when Defendant disclosed Plaintiffs' and the Class' biometric identifiers and biometric information to a third-party vendor. More information is

required before these disputed factual issues can be resolved. Defendant's Motion to Dismiss pursuant to Section 2-619 is denied.

### B. Count II (Negligence)

Count II of Plaintiff's Complaint is a claim for negligence wherein he alleges that Defendant was negligent in its care, collection and use of Plaintiff's biometric data. Without further explication, Defendant argues that Count II should be dismissed "for the same reasons that Count I fails." (MTD, at 8.) In its Reply, Defendant additionally states, "[f]or the same reasons explained in this brief why the exception to the one year statute of limitations for privacy claims—intrusion upon seclusion—is not present here, the negligence claim's similarly fail." (MTD Reply, at 13.) "Indeed," Defendant asserts, "[Plaintiff] cannot simultaneously assert the intentional tort of intrusion upon seclusion and negligence." (*Id.*) This argument is nonsensical. In Count I, Plaintiff is not asserting a claim for intrusion upon seclusion, he is asserting a claim under BIPA. In any event, the Court need not "speculate as to the details of [an] unexplained argument." *Johnson v. Bellwood Sch. Dist. 88*, 2016 U.S. Dist. LEXIS 82866 (N.D. Ill. June 27, 2016). It also declines to conduct legal research in an effort to locate support (to the extent it might exist) for unsupported legal contentions. *See Nelson v. Napolitano*, 657 F.3d 586, 590 (N.D. Ill. 2011) (a court is not "obliged to research and construct legal arguments for parties.").

Defendant also contends that Count II should be dismissed because it is duplicative of Count I. Plaintiff responds the negligence claim contains allegations that Defendant failed to comply with a duty of reasonable care, as well as a heightened duty of are created by the relationship between the parties, owed to Plaintiff, which is not a required element of BIPA.

To state a cause of action for negligence, a plaintiff must adequately plead: (1) the existence of a duty; (2) a breach of that duty; and (3) the breach caused injury to the plaintiff. *Cooney v.*

11

*Chi. Pub. Schools*, 407 Ill. App. 3d 358, 361 (1st Dist. 2010). Plaintiff has alleged Defendant has breached its duty under BIPA to exercise reasonable care in the collection and use of his biometric data by, *inter alia*, "failing to implement reasonable procedural safeguards around the collection and use of" Plaintiff's biometric data. (Complaint, ¶ 49.)

In *Dixon v. Washington & Jane Smith Cmty.*, a federal district court denied a motion to dismiss the plaintiff's negligence claim, finding that the plaintiff had sufficiently stated a cause of action for negligence in addition to a BIPA claim by alleging that the defendants had "breached their duty under BIPA to exercise reasonable care in the collection and use of her biometric data 'by failing to implement reasonable procedural safeguards around the collection and use of . . . [her] biometric identifiers and biometric information.'" 2018 U.S. Dist. LEXIS 90344, *44 (N.D. Ill. May 31, 2018). The plaintiff further alleged that this breach proximately caused a violation of her privacy rights, which the court concluded was "a concrete and actual injury." *Id.* The plaintiff, therefore, had "alleged all the elements of a common law negligence claim: the existence of a statutorily-created duty, a breach of that duty, and an actual injury that was proximately caused by that breach." *Id.*

The *Dixon* court, however, did not address whether the plaintiff's negligence claim was duplicative of her BIPA claim. Here, it is clear from Plaintiff's allegations that his negligence cause of action is founded upon the same facts as his BIPA claim. The allegations in Count II are duplicative of Plaintiff's BIPA allegations and do not arise from any negligent conduct or actions that are independent of Defendant's purported BIPA violations. Additionally, Plaintiff does not plead Count II in the alternative. Simply put, Plaintiff is attempting to recast a claim for a statutory violation as a negligence claim. Because Plaintiff's claim of negligence is inextricably linked to his BIPA claim such that there are no allegations supporting an independent basis for a negligence

cause of action apart from the BIPA violations themselves, Count II is merely duplicative of Count I and must be dismissed. *See, e.g., DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795–96 (N.D. Ill. 2010) (collecting cases applying the "well-settled" principle "that duplicative counts in a complaint may be properly dismissed"); *Neade v. Portes*, 193 Ill. 2d 433, 445 (2000) ("While pleading in the alternative is generally permitted . . . duplicate claims are not permitted in the same complaint.") (citation omitted). Count II of Plaintiff's Complaint is dismissed without prejudice.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

(1) Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 5/2-619 is DENIED;

(2) Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to 735 ILCS 5/2-615 is GRANTED. Count II of Plaintiff's Complaint is dismissed without prejudice;

(3) Plaintiff shall file his First Amended Complaint within twenty-eight (28) days, should he choose to do so;

(4) This matter is set for a status hearing on 10/16/19 at 10:00 AM in Courtroom 2403.

ENTERED:

ENTERED
JUDGE MOSHE JACOBIUS-1556
SEP 11 2019
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge Moshe Jacobius    No. 1556