IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

JEROME TIMS,
    Plaintiff,

v.

BLACK HORSE CARRIERS, INC.,
    Defendant.

No. 2019-CH-03522

Calendar 16

Judge David B. Atkins

JUDGE DAVID B. ATKINS

SEP 23 2019

Circuit Court-1879

## MEMORANDUM OPINION AND ORDER

THIS CASE COMING TO BE HEARD on Defendant Black Horse Carrier, Inc.'s motion to dismiss pursuant to 735 ILCS 5/2-619, the Court, having considered the briefs submitted and being fully advised in the premises,

HEREBY FINDS AND ORDERS that:

### *Background*

This action arises from Plaintiff Jerome Tims' claims against Defendant for violations of the Illinois Biometric Information Privacy Act (BIPA), 740 ILCS 14/1. Specifically, Plaintiff alleges that Defendant (1) fails to maintain a publicly-accessible policy about its biometric data retention, (2) failed to secure written consent before it collected its employees' biometric data, and (3) disclosed its employees' biometric data to third parties without first obtaining consent. Plaintiff was employed as a supervisor at Defendant's Bolingbrook, Illinois location from June of 2017 to January of 2018. At all times relevant, as a condition of employment, Defendant required employees to scan their fingerprints so Defendant could more easily track employees' time-worked. Plaintiff filed this action on May 18, 2019.

### *Legal Standard*

Motions to dismiss pursuant 735 ILCS 5/2-619 raise defects, defenses, or some other affirmative matter that defeat a claim.[1] In doing so, the motion "admits the legal sufficiency of the plaintiff's allegations."[2] The "affirmative matter" must be apparent on the face of the complaint or supported by affidavits or other evidentiary materials.[3] "Affirmative matter" either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained

---

[1] *Ball v. County of Cook*, 385 Ill. App. 3d 103, 107 (2008).
[2] *Miner v. Fashion Enters*, 342 Ill. App. 3d 405, 413 (2003).
[3] *John Doe v. Univ. of Chi. Med. Ctr.*, 2015 IL App (1st) 133735, ¶ 37.

Page 1 of 3

in or inferred from the complaint.[4] The court must deny a 2-619 motion to dismiss if a material and genuine disputed question of fact exists.[5]

*Discussion*

Defendant contends that Plaintiff's Complaint should be dismissed because it is untimely, arguing that because BIPA is a privacy statute, the one-year statute of limitations set forth in 735 ILCS 5/13-201 should apply. Indeed, both parties acknowledge that BIPA, itself, does not include a statute of limitations. The Illinois Supreme Court has held that "[t]he determination of the applicable statute of limitations is governed by the type of injury at issue, irrespective of the pleader's designation of the nature of the action."[6]

Given BIPA's relative short existence to date, there is not much case law on this particularly issue. Indeed, as Plaintiff contends in his response to the motion to dismiss, a Cook County Circuit Court has only just recently addressed this very topic.[7] In *Robertson v. Hostmark Hospitality Group, Inc., et al.*, the circuit court specifically rejected the argument that the statute of limitations contained in 735 ILCS 5/13-201 is applicable to violations of BIPA because Section 13-201 applied to privacy torts involving publication.[8] The circuit court in *Robertson* reasoned that while the plaintiff alleged that his biometric data had been effectively published via dissemination, there was no authority to justify the general application of Section 13-201 to violations of BIPA.[9] Like in *Robertson*, this action is premised on Plaintiff's claims that Defendant violated BIPA; not that Defendant has generally invaded Plaintiff's privacy or defamed him.[10] While certainly not bound by the ruling in *Robertson*, this Court finds no reason to disagree with the circuit court in that case,

---

[4] See *Smith v. Waukegan Park District*, 231 Ill. 2d 111, 121 (2008).
[5] *Brown v. ACMI Pop Div.*, 375 Ill. App. 3d 276, 286 (2007).
[6] *Travelers Casualty & Surety Co. v. Bowman*, 229, Ill. 2d 461, 466 (2008) ("To determine the true character of a plaintiff's cause of action," the court should focus its inquiry "on the nature of the liability and not on the nature of the relief sought.") (quoting *Armstrong v. Guigler*, 174 Ill. 2d 281, 286 (1996)).
[7] See *Robertson v. Hostmark Hospitality Group, Inc., et al.*, No 2018-CH-05194 (Cir. Ct. Cook County, July 31, 2019).
[8] *Id.* at *7-8.
[9] *Id.* at *8.
[10] Defendant's reliance on the Appellate Court's reasoning in *Neikirk v. Cent. Ill. Light Co.*, 128 Ill. App. 3d 1069 (3d Dist. 1984), wherein the court applied the two-year personal injury statute of limitations to an action brought under the Illinois Public Utility Act, is misplaced where the plaintiff in *Neikirk* sued for direct personal injuries, in addition to statutory violations. Here, Plaintiff's Complaint is derived entirely from his allegations that Defendant violated BIPA.

or the plain and unambiguous language in Section 13-201.[11] [12] The Court is not persuaded by Defendant's argument regarding Section 13-201's applicability here.[13]

In the absence of the inclusion of a statute of limitations in BIPA, the Court must look to 735 ILCS 5/13-205. Section 13-205 explicitly states that "… all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued."[14] Here, Plaintiff has brought a civil action against Defendant pursuant to a statute that does not provide an explicitly stated statute of limitations. By default, Section 13-205's "catchall" statute of limitations is applicable. Because Plaintiff filed this action less than two years after he was initially employed by Defendant, the Court need not address whether the statute of limitations began to toll at the beginning of Plaintiff's employment or at the end of his employment. In either event, Plaintiff's action was timely filed within five years of when the cause of his action accrued.

WHEREFORE, the Court DENIES Defendant Black Horse Carrier, Inc.'s motion to dismiss. This case is set for management and status on November 14, 2019 at 10:30 a.m. in courtroom 2102.

JUDGE DAVID B. ATKINS

ENTERED SEP 23 2019

Circuit Court-1879

_____

Judge David B. Atkins

The Court.

---

[11] "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced without one year next after the cause of action accrued." 735 ILCS 5/13-201.
[12] The Court notes that another Cook County Circuit Court, in *Chavez v. Temperature Equipment Corp.*, No. 2019-CH-02538 (Cir. Ct. Cook County, September 11, 2019), has since addressed this very same topic, and, based on the very same reasons offered by the court in *Robertson*, also found Section 13-201 inapplicable to actions brought for alleged violations of BIPA.
[13] "Statutes are to be construed in a manner that avoids absurd or unjust results." *Croissant v. Joliet Park Dist.*, 141 Ill. 2d 449, 455 (1990).
[14] 735 ILCS 5/13-205.