IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION
GENERAL CHANCERY SECTION

| | |
|---|---|
| ETHAN ROACH, on behalf of himself and all other person similarly situated known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> WALMART, INC., <br><br> Defendant. | CASE NO. 19 CH 1107 <br><br> CALENDAR 11 |

## ORDER

This matter came before the Court on the motion of Defendant Walmart Inc. ("Walmart" or "Defendant") to dismiss the putative Class Action Complaint of Plaintiff Ethan Roach. For the reasons explained below, the motion is denied.

### Background

Plaintiff was required to scan his palm at the beginning and end of his work shifts at Walmart's photo lab in Litchfield, Illinois. In this lawsuit, he alleges that Walmart failed to properly disclose and obtain releases related to its use of his biometric information, in violation of the Illinois Biometric Information Privacy Act ("BIPA"). In his Complaint, brought individually and on behalf of a class of similarly-situated employees in Illinois, Plaintiff asks for statutory liquidated damages and an injunction under BIPA.

Walmart moves to dismiss the Complaint under Sections 2-619 and 2-615 of the Illinois Code of Civil Procedure. Walmart argues that Plaintiff does not have standing under the Illinois Constitution to bring this action and that Plaintiff's claims are barred by a one-year statute of limitations.

### Applicable Law

The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Van Meter v. Darien Park Dist.*, 207 Ill. 2d 359, 367 (2003). Dismissal of a complaint pursuant to section 2-619(a)(9) is permitted where "the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." *Id.* The affirmative matter must negate the cause of action completely. *Id.*

In Illinois, lack of standing is an affirmative defense that the defendant must plead and prove. *Greer v. Illinois Housing Dev. Auth.*, 122 Ill. 2d 462, 494 (1988). In ruling on a 2-619 motion to dismiss, the Court must view the pleadings and supporting materials in the light most favorable to the non-movant. *Van Meter*, 207 Ill. 2d at 367-68.

Motions to dismiss based on the statute of limitations are generally brought under section 2-619(a)(5). Walmart instead brings this argument under section 2-615 because "it appears from the face of the complaint that the statute of limitations has run." Def. Memo at p. 4; *Cangemi v. Advocate S. Suburban Hosp.*, 364 Ill. App. 3d 446, 456 (1st Dist. 2006). Whether the motion is considered under 2-615 or 2-619, the statute of limitations is an affirmative defense, which Walmart has the burden to plead and prove.

## ANALYSIS

### Standing

In arguing that Plaintiff does not have standing, Defendant has a huge hurdle to overcome: the Illinois Supreme Court's recent decision in *Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186. *Rosenbach* turned on an interpretation of section 20 of BIPA, which allows persons "aggrieved" by a violation of BIPA to bring a private action in state or federal court. 740 ILCS 14/20.

In *Rosenbach,* the central issue was:

> whether one qualifies as an "aggrieved" person and may seek liquidated damages and injunctive relief [under BIPA] if he or she has not alleged some actual injury or adverse effect, beyond violation of his or her rights under the statute.

2019 IL 123186, ¶ 1. The First District Appellate Court answered this certified question in the negative. The Supreme Court reversed, stating in part:

> The Act vests in individuals and customers the right to control their biometric information by requiring notice before collection and giving them the power to say no by withholding consent. *Patel*, 290 F. Supp. 3d at 953. . . . When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, "the right of the individual to maintain [his or] her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized." *Id.* This is no mere "technicality." The injury is *real and significant.*

*Id.* at ¶ 34 (emphasis added).

Faced with this precedent, Walmart bases its standing argument not on the BIPA statute, but on the Illinois Constitution. Caselaw is not as clear as Walmart would have the Court believe that standing in Illinois is governed by the Illinois Constitution as opposed to Illinois common law. (*Compare, e.g., Lyons v. Ryan*, 324 Ill. App. 3d 1094, 1102 n. 5, *aff'd*, 201 Ill. 2d 529 (2002) with *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325 (2002) and *Duncan v. FedEx Office & Print Servs.*, 2019 IL App (1st) 180857, ¶ 21). Regardless of whether

the standard flows from the Illinois Constitution or common law, the parties do agree on the applicable standard:

> [S]tanding in Illinois requires only some injury in fact to a legally cognizable interest. More precisely, the claimed injury, whether "actual or threatened" must be: (1) "distinct and palpable;" (2) "fairly traceable" to the defendant's actions; and (3) substantially likely to be prevented or redressed by the grant of the requested relief.

*Greer*, 122 Ill. 2d at 492-93 (internal citations omitted).

Walmart argues that "standing requirements of the Illinois Constitution require more than an alleged violation of the specific procedural mandates of BIPA" and that Plaintiff lacks standing because he has not alleged a "'distinct and palpable' injury-in-fact." Def. Memo at p. 5, 9.

It is a defendant's duty to plead and prove *lack* of standing, not a plaintiff's duty to allege standing. *Greer*, 122 Ill. 2d at 494. Beyond that, the court in *Rosenbach* held that a violation of BIPA is a "real and significant" injury. If it is "real and significant" for purposes of BIPA, it follows that it is "distinct and palpable" for purposes of common law or the Illinois Constitution.

Walmart has cited no Illinois case where a claim for violation of BIPA was dismissed for lack of common-law or constitutional standing notwithstanding a finding of standing under BIPA. Instead, Walmart relies heavily on federal cases and on the holding of the Second District Illinois Appellate Court in *Maglio v. Advocate Health and Hospitals Corp.*, 2015 IL App (2d) 140782.

The federal cases are of limited value on the standing issue. The Illinois Supreme Court has recognized that "state courts are more liberal in recognizing the standing of parties than the federal courts." *People v. 1,124,905 United States Currency*, 177 Ill. 2d 314, 329-330 (1997). As the court stated in *Duncan*, "a state's standing doctrine is 'the business' of its own courts." 2019 IL App (1st) 180857, ¶ 25.

The Second District's *Maglio* case is distinguishable. It found that the plaintiff lacked standing because the alleged injuries were "speculative." More on point is the First District's recent decision in *Duncan, supra*, which stated, "under Illinois law, when a plaintiff alleges a statutory violation, no 'additional requirements' are needed for standing." *Id.* at ¶ 23. The Illinois Supreme Court denied the petition for leave to appeal in *Duncan* on September 25, 2019, so Walmart is wrong when it says *Duncan* is of "dubious precedential value." Def. Reply at p. 8; 2019 IL App (1st) 180857.

*Duncan* involved a claim brought in state court under the federal Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), 15 U.S.C. § 1681 et seq (2012). Among other things, FACTA requires that no more than the last five digits of a credit card number be printed on a receipt. Like BIPA, FACTA contains a provision for statutory damages in the event of a violation. The defendant in *Duncan* argued that the plaintiff "lacked standing because she failed to allege any injury beyond the improper disclosure of the first two digits of her credit card

number . . . ." *Id.* at ¶ 7. The court rejected this argument. Analyzing standing under the "distinct and palpable injury-in-fact" standard, the court looked to the FACTA statute to understand the nature of the alleged injury. It stated,

> In enacting FACTA, Congress elevated intangible harms associated with the printing of more than the last five digits of a person's card number to the status of legally cognizable injuries. Duncan's complaint alleges "the very harm that Congress sought to prevent by turning the disclosure of such information into an actionable tort . . . ."

*Id.* at ¶ 25.

Similarly, the *Rosenbach* court stated that, when a company fails to adhere to the requirements of BIPA, "[t]he precise harm the Illinois legislature sought to prevent is then realized." 2019 IL 123186, ¶ 34. Walmart characterizes the violations in this case as "purely procedural" or "merely technical." *Rosenbach* held that a violation of BIPA is "no mere 'technicality,'" but rather a "real and significant" injury.

The Court holds that Walmart failed to meet its burden to plead and prove lack of standing.

## Statute of Limitations

Walmart argues that Plaintiff's claim is barred by the statute of limitations. BIPA does not contain its own statute of limitations, so Walmart contends that the claim should be governed by the one-year statute applicable to what it calls the "most analogous common law claim"—invasion-of-privacy claims. That statute provides:

> Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued.

> 735 ILCS 5/13-201.

This is not the applicable statute of limitations. The gravamen of the Complaint is not "publication" of matter violating Plaintiff's right of privacy, but rather the improper collection and storage of Plaintiff's private biometric information in violation of BIPA. The applicable statute of limitations is the 5-year "catch-all" provision of 735 ILCS 5/13-205. Plaintiff filed his Complaint well within that period.

Defendant's Motion to Dismiss is denied.

ENTERED:

*Judge Pamela McLean Meyerson*
*OCT 25 2019*
*Circuit Court – 2097*

_____

Judge Pamela McLean Meyerson