# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Damien Woodard, *individually and on behalf of Class*,

    Plaintiff(s),

v.

Dylan's Candybar LLC,

    Defendant(s).

)
)
)
)
)
)
)
)
)
)
)

No. 19 CH 05158

Calendar 13

Judge Anna H. Demacopoulos

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant Dylan's Candybar LLC's (Dylan's) combined motion to dismiss. Having reviewed the motion, response, reply, the complaint, and all exhibits thereto, and given the opportunity for oral argument on November 18, 2019, and thereby being fully informed in the premises, for the following reasons, Defendant's motion is denied.

Plaintiff Woodard asserts that Dylan's violated Sections 15(a) and (b) of the Biometric Information Privacy Act (BIPA) by (i) failing to inform Woodard and the proposed class in writing that their biometric identifiers and biometric information were being obtained, collected, captured and/or stored; (ii) failing to inform Woodard and the proposed class in writing of the specific purpose and length of time for which their information was being kept; (iii) failing to obtain a written release before collecting and obtaining Woodard's and the proposed class' information; and (iv) failing to provide a publicly available policy and guidelines for destroying employees' fingerprint information. *See* 740 ILCS 14/15; Compl. ¶¶ 94-96. Woodard alleges he worked for Dylan's from 2016 through 2018.

Dylan's brings this motion to dismiss under 735 ILCS 5/619.1 arguing (1) that BIPA is preempted by the Illinois Workers' Compensation Act; (2) that Woodard's complaint was not

timely filed within the two-year limitations period set by statute for statutory penalties in 735 ILCS 5/13-202; and (3) that the complaint fails to plead facts showing negligent or reckless violation of BIPA (e.g., no allegations of proximate cause and damages, or of willful/wanton conduct).

## STANDARD OF REVIEW

A combined motion to dismiss is expressly permitted by the rules of civil procedure so long as each portion of the motion "shall be limited to and shall specify that it is made under one of Sections 2-615, 2-619, or 2-1005." 735 ILCS 5/2-619.1 (Lexis 2016). Each part shall also clearly show the grounds relied upon under the Section on which it is based. *Id.* A combined 2-619.1 motion is reviewed under the *de novo* standard on appeal. *Mueller v. N. Suburban Clinic, Ltd.*, 299 Ill. App. 3d 568, 572 (Ill. App. 1st 1998).

A motion brought pursuant to 735 ILCS 5/2-615 of the Illinois Code of Civil Procedure challenges the legal sufficiency of the complaint. *Napleton v. Village of Hinsdale*, 229 Ill.2d 296, 305 (2008). Illinois is a fact-pleading jurisdiction. *Weiss v. Waterhouse Secs., Ins.*, 208 Ill.2d 439, 451 (2004). Only the ultimate facts to be proved need be alleged, not the evidentiary facts tending to prove such ultimate facts. *Krueger v. Lewis,* 342 Ill. App. 3d 467, 470 (1st Dist. 2003). But conclusions of law or fact are not considered well-pleaded even if they generally inform the defendant of the nature of the claim. *Coghlan v. Beck,* 984 N.E.2D 132, ¶ 22 (Ill. App. 1st 2013). Rather, a movant must set forth a legally recognized claim and plead facts in support of each element of the claim. *Redelmann v. Claire Sprayway, Inc.*, 874 N.E.2d 230, 328-29 (Ill. App. 1st 2007). The issue on a 2-615 motion is whether the allegations, when viewed in a light most favorable to the movant, are sufficient to state a cause of action upon which relief can be granted. *Borowiec v. Gateway 2000, Inc.*, 219 Ill.2d 376, 382 (2004).

When bringing a motion pursuant to Section 2-619.1 of the Illinois Code of Civil Procedure, the section 2-619 portion of the motion admits, *arguendo*, that a complaint asserts a legally sufficient claim but sets forth an affirmative matter, defect, or defense that defeats the claim or avoids its legal effect. *See Coghlan*, 984 N.E.2D at ¶22-23 (comparing 2-615 and 2-619 motions). A defendant may move for dismissal of a cause of action under Section 2-619(a)(5) if "That the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (Lexis 2016). The limitations period set by statute is an affirmative defense and the burden of proving it rests upon the party pleading it. *Stanley v. Chastek*, 34 Ill. App. 2d 220, (2d Dist. 1962).

A defendant may move for dismissal of a cause of action under Section 2-619(a)(9) if "the claim asserted against the Defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2-619(a)(9) (Lexis 2016). The term "affirmative matter" as used in section 2-619(a)(9) has been defined as a type of defense that either negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint. *Bloomingdale State Banks v. Woodland Sales Co.*, 186 Ill. App. 3d 227, 233 (Ill. 2nd Dist. 1989).

The affirmative matter must be apparent on the face of the complaint or supported by affidavits or other evidentiary material. *Kedzie & 103rd Currency Exch. V. Hodge*, 619 N.E.2d 732, 735 (Ill. 1993). It is a defense other than a negation of the essential allegations of the plaintiff's cause of action; something more than evidence offered to refute a well-pleaded fact in the complaint. *Zahl v. Krupa*, 365 Ill. App. 3d 653, 659 (2006). Initially, a defendant bears the burden of proof, and if the motion is based on facts not apparent from the face of the complaint, then the defendant must support its motion by affidavits or other evidence. *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 908 (2000). If defendant meets this

initial burden, the burden then shifts to the plaintiff, who must establish the affirmative defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *Esptein v. Chicago Bd. of Educ.*, 178 Ill. 2d 370, 383 (1997). Section 2-619 is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based 'mini-trial' on whether plaintiff can support his allegations." *Reynolds*, 2013 IL App (4th) 120139, ¶42.

## DISCUSSION

### **615: Negligence**

The Court will address the 2-615 argument first. Dylan's claims that Woodard has failed to adequately plead that Dylan's caused him any tangible damage, let alone that it negligently or recklessly violated the BIPA. Dylan's claims that the Illinois Supreme Court opinion in *Rosenbach v. Six Flags Entertainment Corporation* is irrelevant in this instance because, as Dylan's phrases it, there is no basis to conclude that the Illinois Supreme Court, without saying so, intended the well-known words used to describe levels of culpability and statutory damages available to plaintiffs under the BIPA, *i.e.*, "negligently," "intentionally," and "recklessly," to be deemed meaningless. *See* 2019 IL 123186; 740 ILCS 14/20 (Lexis 2016). Dylan's claims BIPA provides two levels of liquidated damages: $1,000 when an entity "negligently violates a provision of" the BIPA, and $5,000 when an entity "intentionally or recklessly violates a provision of" the BIPA. 740 ILCS 14/20. Dylan's states that Woodard alleges only that Dylan's violated the BIPA but fails to specify whether it did so "negligently" or "recklessly," rendering his complain inadequate. Dylan's states that Woodard ignores the most significant evidence of relevant legislative intent – that the General Assembly chose not to require negligence or any level of culpability or harm for injunctive relief.

Woodard claims that Dylan's confuses a standard for measuring culpability (and damages) with a substantive pleading requirement. *Cf. Dloogatch v. Brincat*, 396 Ill. App. 3d 842, 851 (1st Dist. 2009) (plaintiff generally "not required to plead a legal theory for calculating damages in the complaint"); 735 ILCS 5/2-616(c) ("A pleading may be amended at any time, before or after judgment, to conform the pleadings to the proofs.") Woodard claims that BIPA sets forth substantive requirements that, if violated, give the subjects of biometric collection a private right of action without the need for additional proof. *Rosenbach*, 2019 IL 123186, ¶ 36. Woodard claims the legislature often uses such terms in statutes having nothing to do with specific torts like negligence. *See, e.g.*, 510 ILCS 68/5-40 ("It shall be unlawful to ... negligently release any non-indigenous herptile species into this State."). And that the terms negligent/reckless were placed in BIPA's "private right of action" section as a measure of liquidated damages – measurements demonstrable at any point before or at trial. 740 ILCS 14/20. Thus, Woodard claims, they are not a necessary aspect of Plaintiff's pleadings, but the measure of damages to be awarded to a "prevailing party" who proves that a BIPA violation occurred. *Id.* Woodard claims that Dylan's interpretation would require adding the term "negligently" (or "recklessly") into BIPA's substantive prohibitions and requirements, rather than its damages section – a forbidden tool of statutory interpretation. *Cty. of Knox ex rel. Masterson v. Highlands, L.L.C.*, 188 Ill. 2d 546, 556 (1999)

In *Rosenbach*, the Illinois Supreme Court explicitly held that "when a private entity fails to comply with one of [BIPA's] requirements, that violation constitutes an invasion, impairment, or denial of the statutory rights of any person or customer whose biometric identifier or biometric information is subject to the breach." *Rosenbach v. Six Flag Entm't Corp.*, 2019 IL 123186 *33. Thus, the Court held "such a person or customer would clearly be "aggrieved" within the meaning

of section 20 of the [BIPA] and entitled to seek recovery under that provision. No additional consequences need be pleaded or proved. The violation, in itself, is sufficient to support the individual's or customer's statutory cause of action." *Id.*

> Section 20 of BIPA states as follows, in full:
>
> 740 ILCS 14/20 Right of action
>
> Any person aggrieved by a violation of this Act shall have a right of action in a State circuit court or as a supplemental claim in federal district court against an offending party. A prevailing party may recover for each violation:
>
>> (1) against a private entity that negligently violates a provision of this Act, liquidated damages of $1,000 or actual damages, whichever is greater;
>>
>> (2) against a private entity that intentionally or recklessly violates a provision of this Act, liquidated damages of $5,000 or actual damages, whichever is greater;
>>
>> (3) reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses; and
>>
>> (4) other relief, including an injunction, as the State or federal court may deem appropriate.

The Illinois Supreme Court then stated, "an individual need not allege some actual injury or adverse effect, beyond violation of his or her rights under the Act, in order to qualify as an "aggrieved" person and *be entitled to seek liquidated damages* and injunctive relief pursuant to the Act." *Rosenbach*, 2019 IL 123186 *40 (emphasis supplied). The Illinois Supreme Court explicitly held that no allegations beyond a violation of BIPA are necessary to entitle an individual to seek liquidated damages. *Id.*

Dylan's arguments, while well-reasoned, are simply wrong given the explicit holding of the Illinois Supreme Court in *Rosenbach*. It necessarily follows that Plaintiff's interpretation of

the statute is correct – the use of the terms "negligent," "intentional," and "reckless," are standards of culpability for determining damages. The Illinois Supreme Court had made it clear that a plaintiff need not plead facts or elements showing negligence, or reckless or intentional acts in violation of BIPA to be entitled to seek the liquidated damages articulated in Sections 20(1) and 20(2). *Rosenbach,* 2019 IL 123186 *40; 740 ILCS 14/20 (Lexis 2016). Plaintiff has clearly plead that Dylan's Candybar violated BIPA, this alone is sufficient to state a claim for liquidated damages. The Complaint is adequately pled.

### 619(a)(9): IWCA Preemption

Dylan's next argues that BIPA is preempted by the Illinois Workers' Compensation Act (IWCA). Dylan's claims that Woodard alleges a statutory right to recover for a workplace injury caused by his employer. Because Woodard's allegations qualify as compensable harm, his exclusive remedy is through the IWCA. 820 ILCS 305/5(a); 820 ILCS 305/11 (Lexis 2016). With respect, Dylan's claims that the various Illinois trial courts cite no controlling authority that compels the finding that harm under BIPA is not psychological. Nor do the Illinois Trial Courts, Dylan's claims, demonstrate why, for purposes of the IWCA specifically, a privacy injury must be deemed *categorically* different from a psychological injury which, prior to *Pathfinder*, many would have argued was not compensable. Dylan's says that in *Pathfinder*, the Supreme Court explicitly held that psychological harm, even absent physical injury, **is** compensable under the IWCA. *See Pathfinder Co. v. Indus. Comm'n,* 62 Ill. 2d 556, 563 (1976) (emphasis supplied).

Woodard claims that privacy injuries are distinct from psychological injuries and are not covered by the IWCA. Woodard points out that the legislature did not intend for the IWCA to preempt BIPA, as BIPA explicitly defines its pre-collection "written release" to include "a release executed by an employee as a *condition of employment*." 740 ILCS 14/10 (emphasis supplied).

And also points out the legislature chose to treat employee and non-employee claims largely the same. *See Rosenbach v. Six Flag Entm't Corp.,* 2019 IL 123186 *33 (finding that "such a person or customer" is aggrieved by a violation of BIPA without a need to plead damages).

The IWCA is the exclusive remedy for workplace injuries unless an employee can demonstrate their injury (1) was not accidental; (2) did not arise from employment; (3) was not received during the course of employment; or (4) is not compensable under the IWCA. *Meerbrey v. Marshall Field & Co.,* 139 Ill. 2d 455, 463 (1990). Psychological injuries caused by physical trauma or injury can be compensable under the IWCA. *Schroeder v. RGIS, Inc.,* 2013 IL App (1st) 122483, ¶30. The Illinois Supreme Court has also held that "whether an injury is compensable is related to whether the type of injury categorically fits within the purview of the [IWCA.]" *Folta v. Ferro Eng'g,* 2015 IL 118070, ¶23. The IWCA's purpose is "to protect employees against risks and hazards which are peculiar to the nature of the work they are employed to do." *Mytnik v. Ill. Workers' Compensation Comm'n,* 2016 IL App (1st) 121116WC, ¶36.

Dylan's argument is not persuasive because (1) Woodard's alleged injury, a violation of his privacy through the mismanagement of his biometric data, is not a type of injury that fits within the purview of the IWCA; and (2) a breach of a person's privacy is a type of injury distinct from physical and psychological injuries – and thus not compensable under the IWCA. *See* 820 ILCS 305/5(a) (preempting claims "for injury or death sustained by any employee while engaged in the line of his duty.") As to why the right of privacy is separate from a psychological injury, this court adopts the reasoning articulated in *Mims v. Freedman Seating Company,* No. 18-CH-09806 (Cir. Ct. Cook Cty, August 22, 2019) attached as exhibit D to Woodard's response brief. In short, while psychological injuries may stem from a breach of privacy, the breach itself is its own separate harm and injury. *Id.* Other injuries that may stem from a breach of privacy are loss of goodwill or a stained

reputation, thus psychological injury and injury resulting from a breach of privacy are not one and the same.

Here, the injury is the failure to request a written consent from the employee and failure to maintain the data pursuant to the standards articulated under BIPA. It is a statutory violation and a violation of Woodard's privacy. The injury is not the mere collection of the data; it includes how that data was handled by Woodard's employer after its collection. Moreover, the Court finds it important to clarify that the collection of the biometric data was a *condition* of employment. A condition of employment can never be an injury within the line of duty of employment because it precedes the actual term of employment. *See* BIPA 740 ILCS 14/10 Definitions, "Written Release" (specifying the release is a condition of employment). BIPA is not preempted by the IWCA.

Dylan's may disagree with how this Court and other Illinois Trial Courts have decided this issue of first impression, but that is not a persuasive reason for the Court to change its reasoning or ruling. Defendant complains that the trial courts have not demonstrated why, for purposes of the IWCA specifically, a privacy injury *must* be deemed categorically different from a psychological injury. But it is not the burden of the Court to articulate every possible reason for a given ruling. Moreover, this Court disagrees with Dylan's characterization of the trial courts' orders as there have been many memorandum opinions on this issue explaining the various trial courts' reasoning why privacy injuries are separate and distinct from psychological injuries. Lastly, this Court notes that preemption is expressly disfavored in Illinois. *See Bishop v. Burgard,* 198 Ill. 2d 495, 501 (Ill. 2002) ("Preemption is disfavored."). The allegations of the Complaint are not barred by affirmative matter avoiding the legal effect of or defeating the claim, *e.g.,* BIPA is not preempted by the IL Worker's Compensation Act.

### 619(a)(5): Limitations Period

Lastly, Dylan's argues that Woodard's claim is untimely filed and must be dismissed under 2-619(a)(5). Dylan's claims that under Woodard's theory, BIPA imposes a statutory penalty for violations of the Act, and that Woodard's claim is thus subject to a two-year statute of limitations pursuant to 735 ILCS 15/13-202. Dylan's argues that Woodard's claim accrued at the outset of his employment in 2016.

Dylan's correctly states that BIPA does not include a limitations period. Accordingly, Dylan's claims this Court must apply the most appropriate statute of limitations based on the type of injury allegedly sustained. *See Schreiber v. E. Airlines, Inc.*, 38 Ill. App. 3d 556, 558 (1st Dist. 1976). Dylan's claims BIPA is a penal statute subject to Illinois Code of Civil Procedures Section 5/13-202 because, Dylan's claims, it poses an automatic liability with a predetermined amount of damages without the need to show *actual* damage.

Woodard argues that his claims are subject to the default five-year limitations period of 735 ILCS 5/13-205 because BIPA is actually a remedial statute, not a penal statute. Section 5/13-205 imposes a five-year limitations period for "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (Lexis 2016).

Section 735 ILCS 5/13-202 of the Illinois Code of Civil Procedure imposes a two-year limitations period for actions to recover a statutory penalty. A statutory penalty is one that "(1) impose[s] automatic liability for a violation of its terms; (2) set[s] forth a predetermined amount of damages; and (3) impose[s] damages without regard to the actual damages suffered by the

plaintiff." *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 13 (2009). Penal statutes "subject[] one person to the payment of a sum of money to another without reference to any actual injury and without requiring him to allege or prove an actual injury." *Landis v. Marc Realty, L.L.C.*, 235 Ill. 2d 1, 12-13 (2009).

A remedial statute "imposes liability only when actual damage results from a violation" and where "liability is contingent upon damage being proven by the plaintiff." *Landis*, 235 Ill. 2d at 13 quoting *McDonalds v. Levine,* 108 Ill. App. 3d 732, 738 (2d Dist. 1982). The Illinois Supreme Court has held that when a statute is "designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils," it is remedial, not penal. *Scott v. Ass'n for Childbirth at Home, Int'l*, 88 Ill. 2d 279, 288 (1981).

The stated intent of BIPA is that "The public welfare, security, and safety will be served by regulating the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." BIPA, 740 ILCS 14/5(g) (Lexis 2016). Section 20 of BIPA allows a prevailing party to recover, among other things, (1) liquidated damages of $1,000 or $5,000; or (2) *actual damages*; and (3) injunctive relief. BIPA, 740 ILCS 14/20 (Lexis 2016).

"One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole. Words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute." *Raintree Homes, Inc. v. Village of Long Grove,* 209 Ill. 2d 248, 255-56 (Ill. 2004). A court must construe a statute "so that each word, clause or sentence is given reasonable meaning and not deemed superfluous." *Id.* at 256. Section 20 of BIPA, given the holding in *Rosenbach*, is unambiguous that, although actual injury and damages are not required to state a claim, a plaintiff also is not limited to liquidated damages. It is

the choice of the plaintiff what kind, and amount, of damages to seek. In the event of a BIPA violation, the plaint text of the statute makes it clear that the imposition of liquidated damages is not automatic. BIPA, 740 ILCS 14/20 (Lexis 2016); s*ee Rosenbach v. Six Flag Entm't Corp.,* 2019 IL 123186.

Remedial statutory remedies are also not limited solely to actual damages, remedial statutes may provide pre-calculated statutory damages, whether they are viewed "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both." *Standard Mut. Ins. Co. v. Lay*, 2013 IL 114617, ¶ 32.

In *Standard Mutual Insurance Co. v. Lay,* the Illinois Supreme Court held that the Telephone Consumer Protection Act (TCPA) is a remedial statute. 2013 IL 114617 *30. The Illinois Supreme Court stated that the "TCPA is clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." *Id.* at *31. Even though the TCPA included a $500 liquidated damages provision, the Illinois Supreme Court clarified that the liquidated damages were at least in part an incentive for private entities to enforce the statute, adding that it is necessary for this incentive because actual losses under the TCPA are small. *Id.* at *32. Because the $500 liquidate damages provision served more than a purely punitive or deterrent goal, the TCPA was found to be a remedial statute. *Id.* Moreover, the Court explained that the TCPA's heightened liquidated damages provision, for willful or knowing violations, still did not make the TCPA a penal statute, as the heightened damages were again part of a regulatory scheme and a supplemental aid to enforcement. *Id.* at *33.

Similarly, just because the Illinois Consumer Fraud Act contained a civil penalty of up to $50,000, that did not render the statute penal as its primary purpose is to is to protect Illinois consumers, borrowers, and businessmen. The Illinois Supreme Court found it to be regulatory in nature. *Scott v. Assoc. for Childbirth,* 88 Ill. 2d 279, 288-89 (Ill. 1981). And where a statute's remedies offered (a) injunction; (b) actual damages; and (c) punitive damages, it was held to be remedial and not penal. *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982) (eavesdropping act). The Court in *McDonald's v. Levine,* clarified that the remedies offered were a codification of traditional common law remedies for victims of a tort, and that the injunctive relief was designed to prevent further violation. *Id.* at 738-39.

BIPA is remedial statute enacting a regulatory scheme as to biometric information in order to protect an individual's privacy. BIPA creates a statutory cause of action, but not a statutory penalty. *See McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982). Section 20 of BIPA is the act's only enforcement mechanism and is "integral to implementation of the legislature's objectives." *Rosenbach,* 2019 IL 123186, ¶ 37. Just because liquidated damages are an option for the plaintiff does not render the statute penal in nature. Like the TCPA, the liquidated damages provisions in BIPA are also, in part, an incentive for private entities to enforce the statute, they serve more than a deterrent goal. And like the Consumer Fraud Act, BIPA is explicitly part of a regulatory scheme to protect the citizens of Illinois. BIPA's relief, which includes options for injunction, actual damages, and punitive damages, are codifications of traditional common law tort-remedies that do not render the statute penal. BIPA is subject to the five-year limitations period set forth in Section 5/13-205 of the Illinois Code of Civil Procedure. 735 ILCS 5/13-205 (Lexis 2016).

Dylan's also notes that Section 13-202 also provides for a two-year statute of limitations for personal injury claims. Dylan's claims that if Woodard's claim is not a statutory penalty, it should be categorized as personal injury claim. Dylan's claims that the fact Woodard does not allege physical injuries is of no import, citing to cases for emotional distress. *See, e.g., Pavlik v. Kornhaber*, 326 Ill. App. 3d 731, 744 (1st Dist. 2001). This argument is under developed, but regardless, this Court has already ruled that psychological injuries, such as emotional distress, and privacy injuries are distinct harms. Moreover, BIPA is a remedial, regulatory statute subject to a five-year limitations period.

Dylan's argues that Woodard's claim accrued at the outset of his employment in 2016. BIPA was enacted in 2008. It is a basic tenet in our legal system that all persons are presumed to know the law. *See Livingston v. Meyers*, 6 Ill. 2d 325, 334 (1955). Thus, Dylan's argues that Woodard is presumed to have been aware of BIPA in 2016, and the cause of action accrued in that year. Given the Court's holding that BIPA has five-year limitations, even accepting Dylan's position, it is unquestionable that the complaint was timely filed in 2019. Regardless, the Court wishes to make clear when the cause of action accrued.

Dylan's on-going collection of Plaintiff's biometric data is a "continuing injury," one that cannot cease until a defendant stops violating BIPA. Where a tort involves continuous or repeated injurious behavior, by the same actor, and of a similar nature, the limitations period is held in abeyance and the plaintiff's cause of action does not accrue until the date the final injury occurs or the tortious acts cease. *Accord Taylor v. Bd. of Educ. of City of Chicago*, 2014 IL App (1st) 123744, ¶ 46. Thus, the limitations period did not begin to run until the date of the last BIPA violation. *See Hyon Waste Mgmt. Servs., Inc. v. City of Chicago*, 240 Ill. App. 3d 757, 762-63 (1st Dist. 1991) (citation omitted). A continuing violation happens through continuing unlawful acts

and conduct, not through continual ill effects from an initial violation. And where this is only one overt act from which subsequent damages may flow, a statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, despite the continuing nature of the injury. *Hyon Waste Mgmt. Servs,* 240 Ill. App. 3d at 763.

Here the cause of action accrued on Woodard's last day of employment, and is considered a continuous injury because (1) Dylan's was still not compliant with BIPA at that time; and (2) Woodard scanned his biometric information while he was employed by Defendant at that time. As Dylan's was not BIPA compliant, and drawing all inferences in Woodard's favor as this Court must in ruling on any motion to dismiss, this Court cannot presume that Woodard's information was only logged and mismanaged at the initial biometric scan. In this case, the cause of action fully accrued on Woodard's last day of work with Dylan's. The allegations of the Complaint are not barred because this action was commenced within the time limited by law, *e.g.,* the five-year limitations period set forth in 735 ILCS 5/13-205 applies to BIPA.

IT IS HEREBY ORDERED:

Defendant's motion to dismiss is denied.

ENTERED: *Judge Anna Helen Demacopoulos*
NOV 20 2019
Circuit Court - 2002

---

Judge Anna H. Demacopoulos, 2002