# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

Juan Cortez, Tobias Gonzaga, and
Alejandro Perez, *individually and on
behalf of Class*,

    Plaintiff(s),

v.

Headly Manufacturing Co.,

    Defendant(s).

No. 19 CH 04935

Calendar 13

Judge Anna H. Demacopoulos

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendant Headly Manufacturing Co.'s (Headly) motion to dismiss. Having reviewed the motion, response, reply, the complaint, and all exhibits thereto, and having listened to oral argument on October 31, 2019, and thereby being fully informed in the premises, for the following reasons, Defendant's motion is denied.

Plaintiffs assert that Headly violated Sections 15(a) and (b) of the Biometric Information Privacy Act (BIPA) by (i) failing to inform Plaintiffs and the proposed class in writing that their biometric identifiers and biometric information were being obtained, collected, captured and/or stored; (ii) failing to inform Plaintiffs and the proposed class in writing of the specific purpose and length of time for which their information was being kept; (iii) failing to obtain a written release before collecting and obtaining Plaintiffs' and the proposed class' information; and (iv) failing to provide a publicly available policy and guidelines for destroying employees' fingerprint information. *See* 740 ILCS 14/15; Compl. ¶ 47-53. Plaintiffs Gonzaga, Perez, and Cortez began working for Headly in 1998, 1999, and in 2013, respectively. Each of their last day working for Headly was in or around March 2019. Compl. ¶ 8-10.

Headly brings this motion to dismiss under 735 ILCS 5/2-619(a)(5) arguing that a one year limitations period applies to BIPA because it is a privacy statute.

**STANDARD OF REVIEW**

A defendant may move for dismissal of a cause of action under Section 2-619(a)(5) if "that the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (Lexis 2016). The limitations period set by statute is an affirmative defense and the burden of proving it rests upon the party pleading it. *Stanley v. Chastek*, 34 Ill. App. 2d 220, (2d Dist. 1962).

Initially, a defendant bears the burden of proof, and if the motion is based on facts not apparent from the face of the complaint, then the defendant must support its motion by affidavits or other evidence. *City of Springfield v. West Koke Mill Development Corp.*, 312 Ill. App. 3d 900, 908 (2000). If defendant meets this initial burden, the burden then shifts to the plaintiff, who must establish the affirmative defense is unfounded or requires the resolution of an essential element of material fact before it is proven. *Esptein v. Chicago Bd. of Educ.*, 178 Ill. 2d 370, 383 (1997). Section 2-619 is not a proper vehicle to contest factual allegations; nor does it authorize a fact-based 'mini-trial' on whether plaintiff can support his allegations." *Reynolds*, 2013 IL App (4th) 120139, ¶42.

**DISCUSSION**

**I. LIMITATIONS PERIOD**

Headly argues that Plaintiffs' claims are untimely filed and must be dismissed under 2-619(a)(5). Headly correctly states that BIPA does not include a limitations period, and argues this Court must apply the most appropriate statute of limitations based on the type of injury allegedly sustained. *See Schreiber v. E. Airlines, Inc.*, 38 Ill. App. 3d 556, 558 (1st Dist. 1976). Headly claims that based upon the nature of liability it imposes, BIPA is a privacy statute, and thus

Plaintiffs' claims are subject to a one-year limitations period pursuant to 735 ILCS 15/13-201. *See Travelers Cas. & Sur. Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008) ("[t]he focus of the inquiry is on the nature of the liability and not on the nature of the relief sought.") Headly also argues that Plaintiffs' claim accrued at the outset of their employment. Headly spends much of its brief arguing about the legislative intent of the drafters, and how the drafters specifically compared BIPA to the Right of Publicity which has a one year limitations period.

Plaintiffs argue their claims are subject to the default five-year limitations period of 735 ILCS 5/13-205, urging this Court to adopt the reasoning articulated in *Robertson v. Hostmark Hospitality Group*, No. 18-CH-5194 (IL Cir. Ct., Cook Cty., Jul. 31, 2019) (J. Cohen). Plaintiffs argue the BIPA is an "informed consent" statute, which should have the "default" five-year limitations period of 5/13-205. In *Robertson*, the Court explicitly rejected the one-year limitations period argument based on privacy in favor of the general five-year limitations period. *Id.* at II(A)(2)(a). Plaintiffs argue that reasoning of the *Robertson* Court is correct, which reasoned that because the biometric information was not published, then the privacy limitations period cannot apply on its face. *Id.* That Court also reasoned that BIPA violations are not limited to the dissemination of publication of information alone, also taking the act out of the one-year privacy limitations period. *Id.*

Plaintiffs also argue that since their claims stem out of an employment contract, that is another reason the 5-year limitations period applies, in addition to several arguments which were never raised by Headly and which the Court declines to address. Lastly, Plaintiffs argue that, regardless of the limitations period adopted, there is a continuing violation of the BIPA statute for each fingerprint swipe, and at minimum, the causes of action accrued on the last day that included a violation, March of 2019.

Section 5/13-205 imposes a five-year limitations period for "actions on unwritten contracts, expressed or implied, or on awards of arbitration, or to recover damages for an injury done to property, real or personal, or to recover the possession of personal property or damages for the detention or conversion thereof, *and all civil actions not otherwise provided for*, shall be commenced within 5 years next after the cause of action accrued." 735 ILCS 5/13-205 (Lexis 2016) (emphasis supplied). Section 735 ILCS 5/13-201 of the Illinois Code of Civil Procedure imposes a one-year limitations period for actions for publication of matter violating the right of privacy, the full text of this section is:

> 735 ILCS 5/13-201 Defamation — Privacy
>
> Actions for slander, libel *or for publication of matter violating the right of privacy*, shall be commenced within one year next after the cause of action accrued.
>
> 735 ILCS 5/13-201 (Lexis 2016) (emphasis supplied).

At oral argument, Headly brought in a lot of discussion about the grammar of Section 13-201, arguing that, because the legislature used the word "for," twice in one sentence, it means that "publication," is not a necessarily element to state a cause action. Headly argues that if an action is brought "for publication," that necessarily includes actions to prevent publication. If actual publication were a requisite element, Headly argues, the statute would read "actions for slander, libel or [ ] publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."

Though Defendant is correct that BIPA does seek to protect the privacy rights of Illinois citizens, it's proposed reason for and application of BIPA is far too narrow. BIPA is explicitly about both *regulation* and privacy, similar to the federal Health Insurance Portability and Accountability Act (HIPAA), which requires the protection and confidential handling of protected

health information and mandates industry-wide standards for health care information on electronic billing and other processes. *See* 1996 Enacted H.R. 3103, 104 Enacted H.R. 3103, 110 Stat. 1936; 45 C.F.R. 160; 45 C.F.R. 164 (Lexis 2016).

The stated intent of BIPA is that "The public welfare, security, and safety will be served by *regulating* the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." BIPA, 740 ILCS 14/5(g) (Lexis 2016) (emphasis supplied). BIPA is part of a regulatory scheme meant to protect Illinois citizens' privacy, and because it is a regulatory scheme Section 13-201, which is explicitly and exclusively about privacy statutes, cannot apply. BIPA imposes numerous restrictions on how private entities collect, retain, disclose and destroy biometric information. *Rosenbach v. Six-Flags,* 2019 IL 123186 *1. Indisputably, the terms of BIPA and its regulation go beyond the mere disclosure of private information.

"One of the fundamental principles of statutory construction is to view all provisions of an enactment as a whole. Words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute." *Raintree Homes, Inc. v. Village of Long Grove,* 209 Ill. 2d 248, 255-56 (Ill. 2004). A court must construe a statute "so that each word, clause or sentence is given reasonable meaning and not deemed superfluous." *Id.* at 256.

A remedial statute "imposes liability only when actual damage results from a violation" and where "liability is contingent upon damage being proven by the plaintiff." *Landis,* 235 Ill. 2d at 13 quoting *McDonalds v. Levine,* 108 Ill. App. 3d 732, 738 (2d Dist. 1982). The Illinois Supreme Court has held that when a statute is "designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils," it is remedial, not penal. *Scott v. Ass'n for Childbirth at Home, Int'l,* 88 Ill. 2d 279, 288 (1981). Remedial statutory remedies

are also not limited solely to actual damages, remedial statutes may provide pre-calculated statutory damages, whether they are viewed "as a liquidated sum for actual harm, or as an incentive for aggrieved parties to enforce the statute, or both." *Standard Mut. Ins. Co. v. Lay*, 2013 IL 114617, ¶ 32.

In *Standard Mutual Insurance Co. v. Lay*, the Illinois Supreme Court held that the Telephone Consumer Protection Act (TCPA) is a remedial statute. 2013 IL 114617 *30. The Illinois Supreme Court stated that the "TCPA is clearly within the class of remedial statutes which are designed to grant remedies for the protection of rights, introduce regulation conducive to the public good, or cure public evils." *Id.* at *31. Even though the TCPA included a $500 liquidated damages provision, the Illinois Supreme Court clarified that the liquidated damages were at least in part an incentive for private entities to enforce the statute, adding that it is necessary for this incentive because actual losses under the TCPA are small. *Id.* at *32. Because the $500 liquidate damages provision served more than a purely punitive or deterrent goal, the TCPA was found to be a remedial statute. *Id.* Moreover, the Court explained that the TCPA's heightened liquidated damages provision, for willful or knowing violations, still did not make the TCPA a penal statute, as the heightened damages were again part of a regulatory scheme and a supplemental aid to enforcement. *Id.* at *33.

Similarly, just because the Illinois Consumer Fraud Act contained a civil penalty of up to $50,000, that did not render the statute penal as its primary purpose is to is to protect Illinois consumers, borrowers, and businessmen. The Illinois Supreme Court found it to be regulatory in nature. *Scott v. Assoc. for Childbirth*, 88 Ill. 2d 279, 288-89 (Ill. 1981). And where a statute's remedies offered (a) injunction; (b) actual damages; and (c) punitive damages, it was held to be remedial and not penal. *McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982)

(eavesdropping act). The Court in *McDonald's v. Levine,* clarified that the remedies offered were a codification of traditional common law remedies for victims of a tort, and that the injunctive relief was designed to prevent further violation. *Id.* at 738-39.

BIPA is remedial statute enacting a regulatory scheme as to biometric information in order to protect an individual's privacy. BIPA creates a statutory cause of action, but not a statutory penalty. *See McDonald's Corp. v. Levine*, 108 Ill. App. 3d 732, 738 (2d Dist. 1982). Section 20 of BIPA is the Act's only enforcement mechanism and is "integral to implementation of the legislature's objectives." *Rosenbach,* 2019 IL 123186, ¶ 37.

Just because liquidated damages are an option for the plaintiff does not render the statute penal in nature, and just because the statute protects privacy rights does not erase its regulatory purpose. Like the Consumer Fraud Act, BIPA is explicitly part of a regulatory scheme to protect the citizens of Illinois. And like the TCPA, the liquidated damages provisions in BIPA are also, in part, an incentive for private entities to enforce the statute, they serve more than a deterrent goal. BIPA's relief, which includes options for injunction, actual damages, and punitive damages, are codifications of traditional common law tort-remedies that do not render the statute penal. BIPA is subject to the five-year limitations period set forth in Section 5/13-205 of the Illinois Code of Civil Procedure. 735 ILCS 5/13-205 (Lexis 2016).

II. ACCRUAL OF CAUSE OF ACTION

Headly argues that Plaintiffs' claims accrued at the outset of their employment. BIPA was enacted in 2008. It is a basic tenet in our legal system that all persons are presumed to know the law. *See Livingston v. Meyers,* 6 Ill. 2d 325, 334 (1955). Thus, Headly argues that Plaintiffs are presumed to have been aware of BIPA in 2008, and the cause of action accrued in that year or the

first year they began working for Headly. Given the Court's holding that BIPA has five-year limitations, even accepting Headly position, it is unquestionable that the complaint was timely filed as to Plaintiff Cortez. Regardless, the Court wishes to make clear when the cause of action accrued.

Headly's on-going collection of Plaintiff's biometric data is a "continuing injury," one that cannot cease until a defendant stops violating BIPA. Where a tort involves continuous or repeated injurious behavior, by the same actor, and of a similar nature, the limitations period is held in abeyance and the plaintiff's cause of action does not accrue until the date the final injury occurs or the tortious acts cease. *Taylor v. Bd. of Educ. of City of Chicago*, 2014 IL App (1st) 123744, ¶ 46. Thus, the limitations period did not begin to run until the date of the last BIPA violation. *See Hyon Waste Mgmt. Servs., Inc. v. City of Chicago*, 240 Ill. App. 3d 757, 762-63 (1st Dist. 1991). A continuing violation happens through continuing unlawful acts and conduct, not through continual ill effects from an initial violation. And where this is only one overt act from which subsequent damages may flow, a statute begins to run on the date the defendant invaded the plaintiff's interest and inflicted injury, despite the continuing nature of the injury. *Hyon Waste Mgmt. Servs,* 240 Ill. App. 3d at 763.

Here the cause of action accrued on Plaintiffs' last day of employment, and is considered a continuous injury because (1) Headly was still not compliant with BIPA at that time; and (2) Plaintiffs scanned their biometric information while still employed by Defendant at that time. As Headly was not BIPA compliant, and drawing all inferences in Plaintiffs' favor as this Court must in ruling on any motion to dismiss, this Court cannot presume that Plaintiffs' information was only logged and mismanaged at the initial biometric scan. In this case, the cause of action fully accrued on Plaintiffs' last day of work with Headly. The allegations of the Complaint are not barred

because this action was commenced within the time limited by law, *e.g.*, the five-year limitations period set forth in 735 ILCS 5/13-205 applies to BIPA.

IT IS HEREBY ORDERED:

Defendant's motion to dismiss is denied.

ENTERED: Judge Anna Helen Demacopoulos

NOV 20 2019

Circuit Court - 2002

Judge Anna H. Demacopoulos, 2002