IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME TREADWELL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | No. 18-cv-8212 |
| v. | Judge Franklin U. Valderrama |
| POWER SOLUTIONS INTERNATIONAL, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jerome Treadwell (Treadwell), an employee of Defendant Power Solutions International, Inc. (Power Solutions) brings this proposed class action against Power Solutions for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15 (BIPA). R. 43, Am. Compl.[1] Specifically, Treadwell alleges violations of sections 14/15 (a), (b), and (d) of BIPA, on behalf of himself and the proposed class. *Id.* ¶¶ 67–94. Before the Court is Power Solutions' motion to continue the existing stay of discovery until the following decisions are issued: (1) Illinois Court of Appeals decisions on the applicable statute of limitations before two Illinois Appellate Courts in *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0563,[2] and

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2] Since the filing of Power Solutions' motion to stay, the Illinois Appellate Court issued a decision in *Tims*. *Tims v. Black Horse Carriers, Inc.*, No. 1-20-0563, 2021 WL 4243310 (Ill. App. Ct. Sept. 17, 2021).

*Marion Ring Container Technologies, LLC*, No. 3-20-0184; (2) appellate decisions on the accrual of BIPA claims from the Seventh Circuit in *Cothron v. White Castle System, Inc.*, No. 20-8029 and the Illinois Appellate Court in *Watson v. Legacy Healthcare Financial Services, Inc.*, No. 1-21-0279; and (3) the Illinois Supreme Court's decision *McDonald v. Symphony Bronzeville*, Ill. Sup. Ct. 126511 on whether BIPA statutory damages claims are preempted by the Illinois Workers' Compensation Act (IWCA). R. 142, Mot. Stay. Power Solutions contends that each pending appeal will inform the Court's analysis regarding the statute of limitations and IWCA's exclusive remedy provisions, and either end the case or control the size of any putative class, the discovery to be done, the scope of Treadwell's claims, and any damages to be awarded to Treadwell or any putative class. *Id.* at 1–2. Treadwell opposes Power Solution's motion to continue the stay. R. 143, Opp. Stay. For the reasons set forth below, Power Solution's motion to continue the stay is granted in part and denied in part.

**Background**

On April 1, 2020, the previously assigned judge[3] granted Power Solution's opposed motion to stay the proceedings pending the Illinois Appellate Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398. R. 120. On September 18, 2020, the Illinois Appellate Court issued its ruling, unanimously holding that the exclusivity provisions of the IWCA do not preclude BIPA claims. *McDonald*, 174 N.E.3d 578 (Ill. App. Ct. 2021). On October 13, 2020, the parties filed

---

[3]This case was previously assigned to Judge Alonso and was reassigned to this Court on September 28, 2021. R. 124.

a joint motion to continue stay (R. 125) to discuss settlement, which was granted by the Court on October 14, 2020 (R. 126). Judge Cole held a settlement conference on May 26, 2021, but the case did not settle. R. 137. Power Solutions subsequently filed its motion to continue the stay pending decisions regarding: IWCA preemption, accrual of BIPA claims, and the applicable statute of limitations. Mot. Stay. Treadwell opposes the motion. Opp. Stay.

## Standard of Review

District courts have the inherent power to control their own dockets, including the power to stay proceedings before them. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019) ("[A] district court has inherent power to exercise its discretion to stay proceedings to avoid unnecessary litigation of the same issues."). How best to manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). In evaluating whether to exercise their discretion to stay proceedings, courts consider "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019).

3

### I. Statute of Limitations – *Tims* and *Marion*

Power Solutions contends that this Court should continue the stay pending decisions from the Illinois Appellate Court in *Tims v. Black Horse Carriers*, No. 1-20-0563 and *Marion v. Ring Container Techs., LLC*, No. 3-20-0184. Both *Tims* and *Marion*, respectively, have addressed or will address the currently unsettled question of which statute of limitations period applies to BIPA claims. "Federal courts hearing state law claims under diversity … apply the forum state's choice of law rules to select the applicable state substantive law." *McCoy v. Iberdrola Renewables, Inc.,* 760 F.3d 674, 684 (7th Cir. 2014). In this case, Treadwell's claims arise under Illinois law. *See* Am. Compl. As noted above, he alleges violations of Section 14/15(a), (b), and (d) of BIPA. *Id.* ¶¶ 67–94.

Since the parties finished briefing the motion to continue the stay, the Illinois First District Appellate Court issued its decision in *Tims*. 2021 WL 4243310. In *Tims*, the court established a 5-year limitations period for BIPA claims under 740 ILCS 14/15(a), (b), and (e), and a 1-year limitations period for BIPA claims under 740 ILCS 14/15(c) and (d). 2021 WL 4243310, at *6. *Marion* has been fully briefed but is stayed pending the Illinois Supreme Court's decision in *McDonald*, No. 126511.

Because *Tims* has been decided since briefing on the instant motion, it is no longer a basis to continue the stay. Because the Illinois Supreme Court has not yet decided the applicable statute of limitations for BIPA claims, a decision from the Illinois Appellate Court, like *Tims*, controls, to the extent there are not persuasive indications that the Illinois Supreme Court would rule differently. *See Nationwide*

4

*Agribusiness Ins. Co. v. Dugan*, 810 F.3d 446, 450 (7th Cir. 2015). It is possible that the Illinois Third District Appellate Court may decide the statute of limitations question differently than the First District did in *Tims*, in which case a District split would exist and this Court would still have to predict how the Illinois Supreme Court would decide the issue. *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 636 (7th Cir. 2002). Given the Court's need to balance competing interests, *Landis*, 299 U.S. at 254–55, it finds that granting an indefinite stay pending a second Illinois Appellate Court decision of indeterminate persuasive value is not warranted here.[4] *See Quarles v. Pret A Manger (USA) Limited*, 20-cv-07179 Dkt. 10 (N.D. Ill. Dec. 14, 2020) (denying motion to stay pending the Illinois Appellate Court's decision in *Tims*).

As Treadwell points out, the majority of trial courts that have considered the statute of limitations argument have held that a five-year limitations period applies to all BIPA claims. Opp. Stay at 5 n.7 (collecting cases). Even if the Court follows the *Tims* holding that a one-year limitations period applies to Treadwell's and the classes claims under section 14/15(d), the Court disagrees with Power Solutions' that such a holding would significantly reduce Treadwell's and the class' claims in scope and value, given that *Tims* held that a five-year limitations period applies to section

---

[4] The defendant in *Tims* has also filed a petition for leave to appeal to the Illinois Supreme Court. Waiting for the Illinois Supreme Court to accept the appeal and decide the issue could create a delay of many more months, if not years.

14/15(a) and (b) claims, and there likely will be significant overlap between each potential class members' claims. Mot. Stay at 2.

True, several other courts in this District have recently granted stays pending a decision from the Illinois Appellate Court in *Marion* or from the Illinois Supreme Court in *Tims*. *See, e.g.*, *Jackson v. Vanport Warehousing, Inc.*, 21-cv-01618, Dkt. 17 (N.D. Ill. Oct. 13, 2021); *Ramos v. Puma N. Am. Inc.*, 21-cv-03192, Dkt. 39 (N.D. Ill. Nov. 22, 2021). However, unlike those cases, which were filed in 2021, this case was filed in 2018, so Treadwell's counsel could not have been aware of the pending appeals on the statute of limitations issue being litigated in Illinois courts. *C.f. Ramos*, 21-cv-03192, Dkt. 39.

The Court therefore does not find it appropriate to continue the stay in this case pending the *Marion* Illinois Appellate Court decision on the applicable statute of limitations.

## II. Accrual of BIPA Claims – *Cothron* and *Watson*

Power Solutions also seeks to stay this case pending the Seventh Circuit's decision on an interlocutory appeal in *Cothron*, No. 20-8029 (*Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604 (N.D. Ill.)) and the Illinois Appellate Court's decision in *Watson*. Both courts are deciding whether a private entity violates BIPA only when it first collects an individual's biometric information, or whether a violation occurs each time a private entity collects or discloses the biometric data in violation of 740 ILCS 15(b) or 15(d). *Cothron*, No. 19-cv-00382, Dkt. 141 (N.D. Ill. Oct. 1, 2020);

6

*Watson*, No. 1-21-0279. Oral argument occurred in *Cothron* on September 14, 2021 and in *Watson* on November 17, 2021.

In opposing a stay pending the decisions in *Cothron* and *Watson*, Treadwell argues that, regardless of the outcome, his claims are timely. Opp. Stay at 9. However, the accrual question will impact the size and scope of Treadwell's proposed class, as well as discovery related to that class. *See Donets v. Vivid Seats, LLC*, 20-cv-3551, Dkt. 27 (N.D. Ill. Dec. 12, 2020); *see also Jackson*, 21-cv-01618, Dkt. 17. Unlike the statute of limitations question (which, as noted above, has generally been held to be five-years, but for the *Tims* decision applying a one-year limitations period to section 14/15(c) and (d) claims), which should not significantly impact the scope of the class claims, the Court finds that the accrual question almost certainly will significantly impact the size and scope of Treadwell's proposed class.

Treadwell further argues that the certified question on appeal in *Cothron* is unlikely to change the statute of limitations analysis, because the plain language of the statute makes clear that BIPA is violated each and every time an entity collects or discloses an individual's biometric data. Opp. Stay at 9 (citing, among other cases, *Peatry v. Bimbo Bakeries USA, Inc.*, 393 F. Supp. 3d 766, 769 (N.D. Ill. 2019)). Contrary to Treadwell's argument that BIPA is "unambiguous and dispositive" as to when a violation occurs, as the district court in *Cothron* noted upon certification of the interlocutory appeal, "reasonable minds can and have differed as to the clarity of BIPA's statutory text and the extent to which suppositions about legislative intent should shape courts' application of it." *Cothron*, No. 19-cv-00382, Dkt. 141. The

7

district court in *Cothron* stayed proceedings pending the Seventh Circuit's interlocutory review, and the Seventh Circuit held that such a stay was "warranted." *Cothron*, No. 19-cv-00382, Dkt. 145; *Cothron*, No. 20-8029, Dkt. 9 (7th Cir. Nov. 9, 2020). Moreover, the trial court decision currently on appeal in *Watson* held that BIPA claims accrue only upon the first collection of the biometric information. *Watson v. Legacy Healthcare Fin. Servs., LLC,* No. 2019-CH-03425, slip op. at 3 (Ill. Cir. Ct., Cook Cty. June 10, 2020).

Here, the Seventh Circuit's decision in *Cothron* may limit Treadwell's and the classes' timely claims and a stay is appropriate pending the interlocutory appeal. And Seventh Circuit's decision in *Cothron* will be binding on this Court. But because *Cothron* will be binding, that means that, even if the Illinois Appellate Court reaches a different conclusion in *Watson*, it will matter not to this Court. *See H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 634 (7th Cir. 2020) (citing *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004)). Therefore, there is no reason for the Court to continue the stay pending a decision in *Watson*.

Finally, Treadwell argues that a continued stay "would result in [Power Solutions" continued violations of BIPA. Opp. Stay at 2. Although the Court is mindful of the harms associated with the retention and potential misuse of sensitive data, a stay will cause minimal, if any, additional harm to Treadwell in this case, given the limited nature of the stay. Treadwell also asserts that Power Solutions is storing and "potentially" using sensitive data in violation of BIPA. When presented with arguments like these, courts, including this Court, have concluded that stays

are still appropriate considering countervailing interests weighing in favor of a stay. *See, e.g., Donets*, 20-cv-3551, Dkt. 27; *Vaughan*, 2020 WL 6262359, at *3. Treadwell's legitimate concerns do not justify denying Power Solutions' request for a stay, taking into account the economies to be gained from staying this litigation. *See Donets*, 20-cv-3551, Dkt. 27; *Jackson*, 21-cv-01618, Dkt. 17; *Vaughan*, 2020 WL 6262359; *see also Bell*, 20-cv-3181, Dkt. 22; *Treadwell v. Power Sols. Int'l, Inc.*, 18-cv-8212, Dkt. 120 (N.D. Ill. Apr. 1, 2020) (concluding that the plaintiff's concerns did not justify denying a request for a stay, "especially when weighed against the time and expense the parties will expend in litigating his claims").

Therefore, the Court finds that a stay is also appropriate pending the Seventh Circuit's *Cothron* decision on when an injury occurs under BIPA.

### III. Illinois Workers Compensation Act – *McDonald*

Finally, Power Solutions also requests that the Court stay this case pending the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville, LLC*, Ill. Sup. Ct. 126511. As noted above, the previously assigned judge stayed the case pending the Illinois Appellate Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 1-19-2398. R. 120. Since that time, the Illinois Appellate Court unanimously held that the exclusivity provisions of the IWCA do not bar claims brought under BIPA. *McDonald*, 174 N.E.3d at 587. The Illinois Supreme Court

subsequently granted the defendant's petition for leave to appeal, 163 N.E.3d 746 (Ill. 2021), and heard oral argument on September 23, 2021.

Power Solutions maintains that, if the Supreme Court overrules the Illinois Appellate Court's holding and holds that the IWCA preempts BIPA statutory damages claims, such a holding would end the case before this Court (although not necessarily altogether). Mot. Stay at 1–2. Additionally, many state courts and several federal courts, including this Court, have refused to stay BIPA litigation pending resolution of an appeal of the IWCA preemption issue. *See Donets*, 20-cv-3551, Dkt. 27; *Herron v. Gold Standard Baking, Inc.*, 2021 WL 1340804, at *2 (N.D. Ill. Apr. 9, 2021) (collecting cases); *see also Jackson*, 21-cv-01618, Dkt. 15 (N.D. Ill. July 2, 2021). Without ruling on the question directly, this Court reiterates its prior finding that it is unlikely that the Illinois Supreme Court would rule that IWCA preempts BIPA. *Donets*, 20-cv-3551, Dkt. 27 (citing *Mintun v. Kenco Logistics Servs. LLC*, 2020 WL 1700328, at *2 (C.D. Ill. Apr. 7, 2020). Therefore, the Court denies Power Solutions' motion to continue the stay pending the Illinois Supreme Court's decision in *McDonald*.

For the foregoing reasons, Power Solutions' motion to continue the stay [142] is granted in part and denied in part. The Court stays this case pending the Seventh Circuit's decision in *Cothron v. White Castle System, Inc.*, No. 20-8029. The parties

are to file a joint status report as soon as *Cothron* has been decided, or by February 15, 2022 to update the Court on the status of these cases, whichever occurs first.

Date: December 2, 2021

                                              United States District Judge
                                              Franklin U. Valderrama